354

The State, ex rel. Board of County Commissioners of Butler County, Appellant, *v.* Court of Common Pleas of Butler County et al., Appellees.

(No. 77-1354—Decided June 14, 1978.)

Mr. *Michael T. Gmoser,* for appellant.

*Baden, Jones, Scheper & Crehan Co., L. P. A.,* and *Mr. Matthew J. Crehan,* for appellees.

*Per Curiam.* A court may not issue a writ of prohibition unless it determines that all the following conditions apply:

"* * * (1) The court or officer against whom it is sought must be about to exercise a judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power." *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8; *State, ex rel. Rouault,* v. *Common Pleas Court* (1977), 50 Ohio St. 2d 65, 66.

The issue before the court in the instant cause is whether relator has an adequate remedy at law pursuant to R. C. 307.56 and 2506.01, so that prohibition will not lie.

R. C. 307.56 provides, in pertinent part:

"A person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under the authority of Chapter 2506 of the Revised Code. * * *"

R. C. 2506.01 provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.-45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any

order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

Relator argues that "[t]he action of a board of county commissioners in adopting a budget" is not within the purview of R. C. 2506.01 and that, therefore, relator does not have an adequate remedy alternative to prohibition.

It is established law in Ohio that "[a] court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, paragraph three of the syllabus; *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 87; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388. The corollary to that general rule is that "[w]here there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed * * * ." *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, paragraph two of the syllabus. That corollary only applies, however, where there is a "patent and unambiguous restriction" on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction (*State, ex rel. Gilla,* v. *Fellerhoff, supra,* at page 88), such as a restriction on the monetary jurisdiction of a municipal court (*State, ex rel. Safeco Ins. Co.,* v. *Kornowski* [1974], 40 Ohio St. 2d 20), or an arbitration agreement providing a nonjudicial remedy when the jurisdictional statute defers to such agreements (*State, ex rel. Adams,* v. *Gusweiler, supra*).

R. C. 307.56 and 2506.01 do not patently and unambiguously restrict the Court of Common Pleas from hearing the instant cause. Therefore, the Court of Common Pleas has jurisdiction to entertain the appeal, relator has an adequate remedy at law and the writ of prohibition does not lie.

The judgment of the Court of Appeals is accordingly affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, STEPHENSON, SWEENEY and LOCHER, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for P. BROWN, J.