THE STATE, EX REL. LEWIS ET AL., *v.* COURT OF COMMON PLEAS
OF WARREN COUNTY ET AL.

[Cite as State, ex rel. Lewis, *v.* Warren Cty. Court of Common Pleas (1990),
52 Ohio St. 3d 249.]

(No. 90-39—Submitted April 17, 1990—Decided July 18, 1990.)

*Sheldon A. Strand,* director of law, *Squire, Sanders & Dempsey, John R. Gall, Gregory Lashutka* and *Marilyn J. Marshall,* for relators.

*Timothy J. Oliver,* prosecuting attorney, *Michael E. Powell* and *William B. Singer,* for respondents.

*Per Curiam.* R.C. 709.07 provides in part:

"(A)  Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested,

and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to *the* court of common pleas praying for an injunction ·restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. * * *

"* * *

"(B) The petition shall be filed and docketed in the office of the clerk of *the* court of common pleas, naming the auditor or clerk of the municipal corporation to which annexation is proposed * * * and the agent of the petitioners for annexation as defendants, and summons shall be served in the manner provided in Chapter 2703. of the Revised Code. * * *" (Emphasis added.)

The question before us is whether "*the* court of common pleas," as used in this section, is a jurisdictional limitation confining these actions to the court of common pleas of the county in which the annexation proceedings took place. We hold that the term is such a jurisdictional limitation and grant a writ of prohibition restraining respondents from taking further action in the Court of Common Pleas of Warren County, since the annexation proceedings were held in Butler County.

A writ of prohibition will not issue unless the relator proves that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) refusal of the writ would result in injury for which no other adequate legal remedy exists. *State, ex rel. Coyne,* v. *Todia* (1989), 45 Ohio St. 3d 232, 236, 543 N.E. 2d 1271, 1275.

Respondents argue that all courts of common pleas have general equity powers, a court of general jurisdiction has authority to determine its own jurisdiction, *State, ex rel. Butler Cty. Bd. of Commrs.,* v. *Court* (1978), 54 Ohio St. 2d 354, 8 O.O. 3d 359, 376 N.E. 2d 1343, and that a writ of prohibition should not issue unless jurisdiction is patently and unambiguously lacking. *State, ex rel. Tilford,* v. *Crush* (1988), 39 Ohio St. 3d 174, 529 N.E. 2d 1245. They argue that the reference in R.C. 709.07 to "*the* court of common pleas" is not a patent and unambiguous restriction of the action to the court of common pleas of the county where the annexation proceedings took place and, therefore, that relators have an adequate remedy by motion to dismiss for lack of jurisdiction and/or venue, and ultimately to appeal if the motion is denied.

We acknowledge that, standing alone, the reference in R.C. 709.07 to "the court of common pleas" is ambiguous. However, the term does not stand alone.

R.C. 709.02 provides in part:

"The owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto * * *. Application for such annexation shall be by petition, addressed to the board of county commissioners of the county in which the territory is located.* * *."

R.C. 709.11 then provides in part:

"When the territory sought to be annexed to a municipal corporation is partly in the county in which such municipal corporation is situated and partly in another county, the annexation proceeding shall be in that county in which there is the largest number of qualified voters residing in the territory sought to be annexed."

R.C. 709.03 provides in part:

"The petition required by section 709.02 of the Revised Code shall be

filed in the office of *the* board of county commissioners * * *, and shall * * * be filed in the office of *the* county auditor * * *." (Emphasis added.)

R.C. 709.033 then provides for a decision on the petition by the board of county commissioners after hearing. If the board approves the petition, it must enter and send its orders and other documents to the auditor or clerk of the municipal corporation to which annexation is proposed.

Finally, R.C. 709.07(A) states:

"Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing * * * may make application by petition to *the* court of common pleas * * *."

Considering all these sections *in pari materia,* we find that the reference to *the* court of common pleas in R.C. 709.07(A) is consistent with the reference to *the* county auditor in R.C. 709.03. Contextually, there is no doubt that R.C. 709.03 means the county auditor of the same county in which the board of county commissioners conducted proceedings. Therefore, we construe R.C. 709.07 to make the same kind of reference. Clearly, such a restriction is also jurisdictional because it limits where such an action may be brought to a specific court.

Therefore, we hold that the Court of Common Pleas of Warren County is without jurisdiction to consider the action under R.C. 709.07, since that section limits jurisdiction in the case to the Court of Common Pleas of Butler County where the annexation proceedings took place. Accordingly, we overrule respondents' motion for summary judgment. Moreover, although we overrule the motion for summary judgment, we find that no facts remain in dispute. That being the case, and with our construction of R.C. 709.07, we grant a peremptory writ prohibiting respondents from entertaining jurisdiction and proceeding further in the action to enjoin the annexation proceedings held in Butler County.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.