THE STATE, EX REL. COLUMBUS SOUTHERN POWER
COMPANY ET AL., *v.* SHEWARD, JUDGE, ET AL.

[Cite as *State, ex rel. Columbus Southern Power
Co., v. Sheward* (1992), 63 Ohio St.3d 78.]

(No. 92–83—Submitted January 22, 1992—Decided January 27, 1992.)

*Porter, Wright, Morris & Arthur, Samuel H. Porter, Kathleen McManus Trafford, Daniel R. Conway* and *Margaret A. Mattimoe; Edward J. Brady* and *Marvin I. Resnik,* for relator Columbus Southern Power Company.

*Lee I. Fisher,* Attorney General, and *Nancy J. Miller,* for intervening relators state of Ohio and Lee I. Fisher.

*S. Michael Miller,* Prosecuting Attorney, and *Bonnie L. Maxton,* for respondent Judge Richard S. Sheward.

*Ronald J. O'Brien,* City Attorney; *William A. Spratley,* Consumers' Counsel, and *David C. Bergmann; Chester, Hoffman, Willcox & Saxbe* and *John W. Bentine; Emens, Hurd, Kegler & Ritter, Samuel C. Randazzo* and *Richard P. Rosenberry,* for intervening respondents city of Columbus, Ronald J. O'Brien, William A. Spratley and Marvin Rothhaar.

*Per Curiam.*   For a writ of prohibition to issue, the respondent must be about to exercise judicial or quasi-judicial power, the exercise of that power must be unauthorized by law, and refusal of the writ must result in injury for which no other adequate legal remedy exists. *State, ex rel. Albright, v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387; *State, ex rel. Lewis, v. Warren Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 249, 556 N.E.2d 1184.

The first and third prongs of this test have been established.   By issuing the temporary restraining order, respondent Sheward clearly exercised jurisdiction, and it is clear that if not restrained he will exercise further judicial power. *State, ex rel. Northern Ohio Tel. Co., v. Winter* (1970), 23 Ohio St.2d

6, 52 O.O.2d 29, 260 N.E.2d 827; *State, ex rel. Dayton, v. Kerns* (1977), 49 Ohio St.2d 295, 3 O.O.3d 441, 361 N.E.2d 247. Moreover, if not allowed to implement "interim" rates under R.C. 4909.42, CSP will suffer a current revenue loss that cannot be recovered. Therefore, it has no adequate legal remedy. Accordingly, the controversy in this case concerns the test's second prong and whether respondent Sheward's exercise of jurisdiction is unlawful.

Relator CSP contends that the General Assembly, through R.C. Title 49, has vested exclusive jurisdiction over ratemaking matters with the commission. It argues that R.C. 4909.42 is an integral part of the statutory ratemaking scheme and that respondent Sheward's exercise of jurisdiction below usurps the exclusive ratemaking authority of the commission. Respondents, in their motions to dismiss, argue that the issue below involves only a determination of the constitutional validity of R.C. 4909.42, and that respondent Sheward's exercise of jurisdiction to determine that issue does not interfere with the commission's ratemaking authority. For the reasons that follow, we agree with respondents, grant their motions to dismiss, and deny the writ sought by relator CSP.

That this matter does not interfere with the commission's ratemaking authority is evident by the relief which the intervening respondents seek below. They are not requesting respondent Sheward to establish just and reasonable rates for CSP, or to review an order of the commission which purports to do so.[3] Rather, they are seeking a declaratory judgment that R.C. 4909.42 is unconstitutional. Such a finding would impair no order or other authority of the commission. Accordingly, we distinguish this case from *Albright, supra,* in which we prohibited a declaratory judgment and injunction action by a board of county commissioners that would have bypassed statuto-

---

3. The commission has not issued such an order because it does not have authority to determine the level of the "interim" rates permitted under R.C. 4909.42. Thus, the extent of the commission's jurisdiction under the statutory scheme is not as comprehensive as relators suggest.

Relators assert that an entry issued by the commission in the pending rate case (PUCO No. 91–418–EL–AIR [December 10, 1991]) constitutes an "order," and precludes respondent Sheward from exercising jurisdiction over this matter, pursuant to R.C. 4903.12, which provides:

"No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties. * * *"

The relevant portion of the commission's entry merely indicates the commission's *intent* to require CSP to make customer-specific refunds if the interim rates placed in effect pursuant to R.C. 4909.42 are found to be excessive upon the issuance of the commission's final order in the permanent rate proceeding. As such, we cannot construe the entry to be an order of the commission.

rily prescribed annexation proceedings and thus impaired the exclusive authority of another board of county commissioners to conduct those proceedings.

It is settled that an administrative agency is without jurisdiction to determine the constitutional validity of a statute. *S.S. Kresge Co. v. Bowers* (1960), 170 Ohio St. 405, 11 O.O.2d 157, 166 N.E.2d 139, paragraph one of the syllabus. Although intervening respondents' constitutional claim could be raised before the commission and subsequently appealed to this court under the statutory scheme provided in R.C. Title 49, see *Panhandle Eastern Pipe Line Co. v. Pub. Util. Comm.* (1978), 56 Ohio St.2d 334, 10 O.O.3d 452, 383 N.E.2d 1163, such alternative remedy does not render the common pleas court's jurisdiction over this matter unlawful. *American Life & Acc. Ins. Co. of Kentucky v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301; *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 73 O.O.2d 442, 339 N.E.2d 626.

In *American Life & Acc. Ins. Co., supra,* this court stated that " * * * an action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act, that a real controversy between adverse parties exists which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. * * * " (Citations omitted.) *Id.,* 152 Ohio St. at 295–296, 40 O.O. at 330, 89 N.E.2d at 306.

In *Herrick,* an action was brought in common pleas court seeking a declaratory judgment that certain amended tax statutes were unconstitutional on their face. The trial court granted a motion to dismiss upon the basis that the claim was exclusively within the jurisdiction of the Tax Commissioner by way of administrative hearing and appeal to the court. The court of appeals reversed and, on appeal, this court found that, although an alternative administrative remedy existed, the common pleas court had jurisdiction over the declaratory judgment action. The court based its reasoning upon *American Life & Acc. Ins. Co., supra,* and also upon the administrative agency's inability to determine the constitutional validity of a statute, citing *S.S. Kresge, supra.* With regard to the constitutional issue, the court found the declaratory judgment action to be the superior remedy, noting that the alternative administrative proceedings would be but "futile preludes" to the subsequent assertion of the constitutional claim before the courts. *Herrick, supra,* 44 Ohio St.2d at 130, 73 O.O.2d at 443, 339 N.E.2d at 628.

We find *Herrick* to be controlling in this instance. This proceeding clearly falls within the purview of R.C. Chapter 2721, it presents a real controversy which is justiciable in character, and speedy relief is necessary to preserve intervening respondents' rights affected by the allegedly unconstitutional

provisions of R.C. 4909.42. Moreover, given the commission's lack of jurisdiction to determine the specific constitutional issue presented, the declaratory judgment action is superior to the alternative administrative proceeding. Thus, upon authority of *Herrick,* we find that respondent Sheward's exercise of jurisdiction over this matter is not unlawful.

Accordingly, we grant respondents' motions to dismiss and deny the writ. Further, because our order of January 15, 1992 preserved the temporary restraining order past the time limit for an extension by the trial court, the trial court shall be given two days from the date of this decision to extend its order. Until such time, the order shall be regarded as remaining in effect.

*Writ denied.*

MOYER, C.J., HOLMES, DOUGLAS and H. BROWN, JJ., concur.

SWEENEY, WRIGHT and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. The matter before this court involves an underlying action for declaratory judgment filed in the Franklin County Common Pleas Court seeking a determination as to the constitutionality of R.C. 4909.42. Relator requests a writ of prohibition, contending that the common pleas court lacks jurisdiction. Specifically, relator asserts that since this matter involves the issue of utility rates, it falls within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO").

Recently, this court was faced with a similar issue. While the case did not involve the constitutionality of a rate statute, it did involve the jurisdiction of the common pleas court in an action seeking interest on the overpayment of utility rates. In *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, the consumer, Kazmaier Supermarket, Inc. ("Kazmaier"), asserted that Toledo Edison Company had acknowledged its negligence by admitting the overpayment and refunding this overpayment to Kazmaier. Kazmaier brought suit in the common pleas court seeking interest on the overpayment. A majority of this court stated:

"In regard to administrative agency exclusivity, generally, this court has recognized that where the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency. *State, ex rel. Geauga Cty. Budget Comm., v. Geauga Cty. Court of Appeals* (1982), 1 Ohio St.3d 110, 113, 1 OBR 143, 146, 438 N.E.2d 428, 431; see, also, *State, ex rel. Northern Ohio Tel. Co., v. Winter, supra,* 23 Ohio St.2d at 9–10, 52 O.O.2d at 31, 260 N.E.2d at 829–830; *State, ex rel. Ohio Bell Tel. Co., v. Cuyahoga Cty. Court of Common Pleas* (1934), 128 Ohio St. 553, 1 O.O. 99, 192 N.E. 787.

" * * *

" * * * The root of the complaint is that the rate imposed by Toledo Edison was unreasonable and in violation of law. Although the allegations of the complaint seem to sound in tort and contract law, it must not be forgotten that the contract involved is the utility rate schedule. A dollar determination of the amount of the rate overcharge, if any, would require an analysis of the rate structure and various charges that were in effect under each of the tariff schedules during the period. This process of review and determination of any overcharges, and of the duty of the utility, under the circumstances, to disclose any lower rates available to the customer, is best accomplished by the commission with its expert staff technicians familiar with the utility commission provisions." *Id.*, 61 Ohio St.3d at 153, 573 N.E.2d at 659–660.

The *Kazmaier* case did not involve a rate determination but rather interest allegedly owed by Toledo Edison on an overpayment. This court held that the PUCO must exercise its exclusive jurisdiction to make that determination and not the common pleas court.

Yet, today, a majority of this court is holding that the common pleas court has jurisdiction to determine the constitutionality of R.C. 4909.42, which involves the setting of utility rates. In essence, this is a case involving the constitutionality of an automatic increase in a utility rate. Specifically, R.C. 4909.42 provides in pertinent part that when the commission fails to respond to a request for a rate increase "pursuant to section 4909.19 of the Revised Code at the expiration of two hundred seventy-five days from the date of filing the application, the proposed increase shall go into effect upon the filing of an undertaking by the public utility. * * *" This clearly involves a question concerning the lawful setting of utility rates.

Therefore, the exclusive jurisdiction of the PUCO should be invoked. The General Assembly has granted the commission exclusive jurisdiction to determine the mutual rights and responsibilities of the parties with regard to rates. *Kazmaier, supra,* at 152, 573 N.E.2d at 659. To permit the common pleas court to determine the question is simply to cause unnecessary delay since this matter would then have to proceed through the entire judicial system. The citizens of Ohio and Columbus Southern Power Company are entitled to a fair, just and expeditious resolution of this matter.

Accordingly, I would grant the writ of prohibition.

SWEENEY and WRIGHT, JJ., concur in the foregoing dissenting opinion.