**STAFFILINO CHEVROLET, INC., Appellant,**

v.

**GENERAL MOTORS CORPORATION et al., Appellees.**

[Cite as *Staffilino Chevrolet, Inc. v. Gen. Motors Corp.* (1993), 86 Ohio App.3d 247.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1174.

Decided Feb. 9, 1993.

*Paxton & Associates, Robert C. Paxton II* and *Patricia A. Jamison,* for appellant.

*Jones, Day, Reavis & Pogue* and *Jeffrey J. Jones;* and *L. Joseph Lines III,* for appellee General Motors Corporation.

*Lee Fisher,* Attorney General, and *David B. Clouston,* Assistant Attorney General, for appellee Ohio Bureau of Motor Vehicles.

---

PEGGY BRYANT, Judge.

Plaintiff-appellant, Staffilino Chevrolet, Inc. ("plaintiff"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motions to dismiss of defendants-appellees, General Motors Corporation and the Ohio Motor Vehicle Dealers Board ("board").

In its complaint filed March 5, 1992, seeking declaratory judgment relief as well as preliminary and permanent injunctive relief, plaintiff alleges that it is a duly licensed franchisee of General Motors Corporation; that the board is required to administer, regulate and conduct proceedings pursuant to R.C. 4517.57 in any case wherein a franchisee files a protest against the proposed establishment or relocation of another franchisee in the relevant market area; that under the circumstances specified by statute, plaintiff filed a notice of protest pursuant to R.C. 4517.50(A); that the statutory notice issued in response by General Motors Corporation on November 14, 1991 was defective in failing to set forth the "specific grounds" for its proposed action.

While plaintiff acknowledges that it filed before the board a motion to dismiss, or in the alternative, for an indefinite stay order, which was denied, it further asserts in its complaint that it is entitled to declaratory judgment and injunctive relief until such time as General Motors Corporation sets forth the "specific grounds" for its proposed action; that the hearing before the board should be stayed until the notice provisions of R.C. 4517.50(A) have been met. Finally, asserting that it cannot properly defend itself before the board due to the improper notice it received from General Motors Corporation, plaintiff seeks in its complaint (1) a declaration that General Motors Corporation failed to invoke the jurisdiction of the board by failing to comply with the language of R.C. 4517.50(A), (2) an order dismissing the action before the board on the merits due to the defective notice at issue, and (3) preliminary injunctive relief prohibiting General Motors Corporation and the board from going forward with the proposed action and administrative hearing.

Both defendants ultimately responded with a motion to dismiss, contending that the pending administrative proceedings pursuant to R.C. Chapter 4517 preclude plaintiff's action for declaratory and injunctive relief. Pursuant to the recommendation of its referee, the trial court granted defendants' motions to dismiss.

Plaintiff appeals therefrom, asserting that the trial court erred in granting defendants' motions. While plaintiff concedes that pending proceedings in an administrative agency may preclude actions for declaratory relief in the common pleas court, plaintiff argues that the denial of its due process rights by virtue of the improper notice is an exception to the general rule.

R.C. 4517.50(A) allows a franchisee to protest a franchisor's attempts to establish a new automobile dealership or to relocate an existing new motor vehicle dealership in the statutory market area under the specific conditions set forth therein, and to seek a hearing with the board pursuant to R.C. 4517.57. In those proceedings, the franchisor must establish good cause for the proposed

action in the market area at issue. Persons adversely affected by the administrative decision may appeal pursuant to R.C. Chapter 119.

Although plaintiff has protested General Motors Corporation's proposed dealership in the statutory market area and has further requested a hearing pursuant to R.C. 4517.57, plaintiff nonetheless has filed the present action seeking both declaratory and injunctive relief.

█ As this court stated in *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 186, 530 N.E.2d 928, 931–932:

" * * * Ordinarily, a declaratory judgment is a remedy in addition to other legal and equitable remedies and is to be granted where the court finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired. * * * Where, however, a specialized statutory remedy is available in the form of an adjudicatory hearing, a suit seeking declaration of rights which would bypass, rather than supplement, the legislative scheme ordinarily should not be allowed." (Citations omitted.)

Hence, " * * * it is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings * * * [which is] tantamount to holding that courts have no jurisdiction to hear the actions in the first place. * * *" *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, at 42, 572 N.E.2d 1387, at 1389.

In the present case, plaintiff clearly is in the midst of special statutory proceedings pursuant to R.C. Chapter 4517 which will allow it to challenge the sufficiency of the notice General Motors Corporation issued to it under that chapter. To the extent the board errs in resolving that issue, the appeal rights granted by R.C. Chapter 119 allow plaintiff the opportunity to correct any error.

Apparently recognizing the impediment the foregoing cases present to its action, plaintiff asserts that the constitutional nature of its due process claim with respect to the allegedly defective notice is sufficient to circumvent the general rule regarding ongoing special statutory proceedings as a bar to declaratory and injunctive actions.

█ When a party's sole claim is that the statute at issue is unconstitutional, the claim may be heard in a declaratory judgment action outside the statutory proceeding. See *Fairview Gen. Hosp. v. Fletcher* (1972), 63 Ohio St.3d 146, 586 N.E.2d 80. Since an administrative agency cannot determine the constitutional validity of a statute, an action in declaratory relief "is superior to the alternative administrative proceeding." *State ex rel. Columbus Southern Power Co. v. Sheward* (1992), 63 Ohio St.3d 78, 81–82, 585 N.E.2d 380, 383. However, in the

present case, plaintiff does not contend that the statute at issue is unconstitutional. Rather, plaintiff contends that defendants failed to comply with the statute, thus depriving plaintiff of its constitutional due process rights. Hence, the exception to the general rule is inapplicable herein.

Given the foregoing, the trial court did not abuse its discretion in granting defendants' motion to dismiss. Plaintiff's single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and WHITESIDE, J., concur.