The State ex rel. Ohio Edison Company, Appellant, v. Shaker, Judge, Appellee.

[Cite as State ex rel. Ohio Edison Co. v. Shaker (1994), Ohio St.3d    .]

Complaint for writ of prohibition to prohibit judge from exercising further judicial power in personal-injury complaint involving electric utility -- Writ denied, when.

(No. 93-1533 -- Submitted November 9, 1993 -- Decided February 2, 1994.)

Appeal from the Court of Appeals for Trumbull County, No. 92-T-4705.

On May 13, 1989, Nick and Karen Knapp ("plaintiffs") were injured in a two-car collision at an intersection in Warren, Ohio. The traffic control light at the intersection was not functioning at the time of the accident due to an interruption of electrical power.

On May 10, 1991, plaintiffs filed a personal-injury complaint in the Court of Common Pleas of Trumbull County against the driver of the other vehicle involved in the accident; the city of Warren, owner of the traffic control light; and appellant-relator Ohio Edison Company ("Ohio Edison"), the electric utility serving the area where the accident occurred. The complaint alleged negligence and nuisance on the part of Ohio Edison for failing to "[take] steps to correct the problem [with the traffic light]" or to take "precautions to protect or warn the general public including [plaintiffs]."

Ohio Edison filed a motion for summary judgment based in part upon a lack of subject-matter jurisdiction, arguing that the Public Utilities Commission of Ohio ("commission") had exclusive jurisdiction over plaintiffs' claims. Appellee-respondent Judge Mitchell F. Shaker denied the motion on February 26, 1992, finding that there existed genuine issues of material fact.

On May 26, 1992, relator filed a complaint for a writ of prohibition in the Court of Appeals for Trumbull County, seeking to prohibit Judge Shaker from exercising further judicial power. The court of appeals denied the writ, finding that relator had not demonstrated that Judge Shaker was completely without jurisdiction over the litigation.

The cause is now before this court upon an appeal as of right.

Roderick, Myers & Linton, Robert F. Linton and Matthew W. Oby, for appellant.

Dennis Watkins, Trumbull County Prosecuting Attorney, and Patrick F. McCarthy, Assistant Prosecuting Attorney, for appellee.

Per Curiam. For a writ of prohibition to issue, the respondent must be about to exercise judicial or quasi-judicial power, the exercise of that power must be unauthorized by law, and refusal of the writ must result in injury for which no other adequate legal remedy exists. State ex rel. Albright v. Delaware Cty. Court of Common Pleas (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387; State ex rel. Lewis v. Warren Cty. Court of Common Pleas (1990), 52 Ohio St.3d 249, 556 N.E.2d 1184.

It is undisputed that Judge Shaker has exercised jurisdiction and that if not restrained he will exercise further judicial power. Ohio Edison argues that Judge Shaker lacks subject-matter jurisdiction over the complaint and that such lack of jurisdiction is so patent and unambiguous as to render immaterial the availability of appeal from the order denying summary judgment. See State ex rel. Butler Cty. Bd. of Commrs. v. Court of Common Pleas (1978), 54 Ohio St.2d 354, 8 O.O.3d 359, 376 N.E.2d 1343; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.

In Kazmaier Supermarket, Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, we found that although the General Assembly has granted the commission exclusive jurisdiction to hear and determine rate and service-related matters, (see State ex rel. N. Ohio Tel. Co. v. Winter (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827; Ohio Transport, Inc. v. Pub. Util. Comm. (1955), 164 Ohio St. 98, 57 O.O. 108, 128 N.E.2d 22, the basic jurisdiction of the court of common pleas is not diminished in other areas of possible claims against utilities, including pure tort and contract claims. See Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575 (invasion of privacy); Kohli v. Pub. Util. Comm. (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (failure to warn); Marketing Research Serv., Inc. v. Pub. Util. Comm. (1987), 34 Ohio St.3d 52, 517 N.E.2d 540 (breach of contract).

Ohio Edison argues that, although plaintiffs' complaint sounds in tort and nuisance, it actually alleges inadequate service.[1] In State ex rel. The Ohio Company v. Maschari (1990), 51 Ohio St.3d 18, 553 N.E.2d 1356, we considered a similar question in which the basis of the claim was disputed. We held that the trial court had the authority to determine its own jurisdiction in such circumstances and denied the writ. Here, Judge Shaker has made the initial determination that plaintiffs' complaint asserted genuine tort claims. R.C. Chapter 4905 does not prevent him from proceeding on that basis. Accordingly, we affirm the judgment of the court of appeals denying the writ and find that Ohio Edison's appropriate remedy is through appeal.

                              Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    Ohio Edison does not attempt to reconcile its position with plaintiffs' claim that Ohio Edison failed to warn the general public of the power interruption and our decision in Kohli, supra.