DORR CHEVROLET–OLDSMOBILE–GEO, INC., Appellee,

v.

SANDUSKY AUTOMOBILE DEALERS ASSOCIATION et al., Appellants.

[Cite as *Dorr Chevrolet–Oldsmobile–Geo, Inc. v. Sandusky Auto. Dealers Assn.* (1996), 109 Ohio App.3d 440.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–95–038.

Decided Feb. 16, 1996.

*Sanjay Varma,* for appellee.

*James McGookey,* for appellants.

GLASSER, Judge.

This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas, which granted a permanent injunction in favor of plaintiff-appellee, Dorr Chevrolet–Oldsmobile–Geo, Inc., and thereby ordered defendants-appellants, Sandusky Automobile Dealers Association ("SADA") et al., to permit Dorr to display motor vehicles in any motor vehicle show sponsored by it at the Sandusky Mall. From that judgment, appellants raise the following assignments of error:

"Assignment No. I: The court of common pleas lacked jurisdiction over this action and erred in acting upon plaintiff's complaint.

"Assignment No. II: The court of common pleas erred in granting an injunction not supported by the evidence."

Dorr is a licensed new motor vehicle dealer which sells Chevrolet, Oldsmobile and Geo vehicles and is located in Milan, Ohio. SADA is a trade association of licensed new motor vehicle dealers located in the city of Sandusky or Perkins Township, Ohio. Milan, Ohio is not in Perkins Township. Every year, since at least 1985, SADA has sponsored an auto show at defendant-appellant, the Sandusky Mall, so that the members of SADA, the remaining appellants herein,[1] can display their current models of motor vehicles.

On December 23, 1994, SADA submitted to the Bureau of Motor Vehicles ("BMV") a motor vehicle show request, seeking permission to hold a motor vehicle show at the Sandusky Mall from February 10 to 19, 1995. The request described the geographic definition of the market area as the city of Sandusky and Perkins township. Paragraph five of the request reads:

"Each sponsor is to offer by mail, an invitation to all new motor vehicle dealers in the established market area. No foreign (out-of-state) dealers may display in Ohio. *Please list each participating dealer by their exact licensed dealer name, include their complete address,* and attach (1) sample copy of the letter of invitation." (Emphasis added.)

Under that paragraph, SADA listed the six dealers who comprise SADA. On January 18, 1995, the BMV by letter granted permission for the members of SADA to participate in the scheduled auto show at the Sandusky Mall.

Thereafter, on February 3, 1995, Dorr commenced an action in the lower court seeking a declaratory judgment and permanent injunctive relief. In addition, Dorr filed a motion for mandatory preliminary and permanent injunctive relief pursuant to Civ.R. 65. In that motion, Dorr asserted that the members of SADA sold primarily domestically manufactured new motor vehicles which compete directly with the Chevrolet, Oldsmobile and Geo vehicles which Dorr sells; that SADA has denied Dorr's request to become a member of SADA; that Dorr's customer base is rooted squarely in the Sandusky, Erie County geographic area; that in late December 1994, Dorr learned that appellants had organized and scheduled an auto show for February at the Sandusky Mall; that despite numerous attempts by Dorr, appellants have refused to allow Dorr to display motor vehicles or otherwise participate in the show; and that Dorr is in the same

---

1. The remaining appellants herein are the six members of SADA: Harbor Olds–Cadillac, Inc.; Kasper Transportation; Mathews Ford Lincoln Mercury, Inc.; Sandusky Motors Volkswagen, Audi and Honda, Inc.; Toyota of Sandusky; and Foster Chevrolet Geo, Inc.

general market area as the members of SADA, but that Dorr has not received an invitation to participate in the show. Appellants responded with a memorandum in opposition which asserted that Dorr had chosen the wrong forum for its action and that the BMV had jurisdiction over this issue. On February 7 and 8, 1995, the case proceeded to a hearing at which John P. Marchion, the president of Dorr, and Douglas Foster, the president of SADA and the vice-president of Foster Chevrolet Geo, Inc., testified. At the conclusion of the hearing, the court granted appellee's motion and ordered appellants to permit Dorr to display vehicles and otherwise participate in the scheduled auto show.

Subsequently, on June 7, 1995, the trial court entered an order granting a permanent injunction in this matter. The court concluded that upon consideration of the motions and evidence presented, appellants' failure to invite Dorr to participate in the auto show sponsored by SADA violated R.C. 4517.22. The court then permanently ordered appellants to permit Dorr to display motor vehicles in any motor vehicle show sponsored at the Sandusky Mall. It is from that judgment that appellants filed a notice of appeal.

In their first assignment of error, appellants assert that the trial court erred in granting Dorr a permanent injunction because the court lacked jurisdiction over this matter. Appellants argue that pursuant to R.C. Chapter 4517, only the BMV has the power to grant auto dealers the right to participate in an auto show.

The Supreme Court of Ohio has expressly stated that "it is always inappropriate for courts to grant * * * injunctions that attempt to resolve matters committed to special statutory proceedings * * *." *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1389. R.C. Chapter 4517 governs the activities of motor vehicle dealers in the state of Ohio. R.C. 4517.03(B) provides in part that:

"No new motor vehicle dealer shall sell, display, offer for sale, or deal in motor vehicles at any place except an established place of business that is used exclusively for the purpose of selling, displaying, offering for sale, or dealing in motor vehicles * * *."

R.C. 4517.22, however, sets forth an exception to the general rule stated in R.C. 4517.03(B). R.C. 4517.22 "describes in detail who may hold a motor vehicle show, what participants in a motor vehicle show may and may not do, and the procedures for obtaining permission to hold or participate in a motor vehicle show." *Ohio Motor Vehicle Dealers Bd. v. Cent. Cadillac Co.* (1984), 14 Ohio St.3d 64, 65–66, 14 OBR 456, 458, 471 N.E.2d 488, 491. R.C. 4517.22(G) states:

"No motor vehicle dealer * * * shall display a motor vehicle at any place except his licensed location, unless he first obtains permission from the registrar and complies with the applicable rules of the motor vehicle dealers board."

A violation of R.C. 4517.22 is a fourth degree misdemeanor. R.C. 4517.99.

The court below concluded that SADA's failure to invite Dorr to participate in the show constituted a violation of R.C. 4517.22(C), which states:

"Any sponsor of a motor vehicle show shall offer by mail an invitation to all new motor vehicle dealers dealing in competitive types of motor vehicles in the general market area to participate and display motor vehicles in the show. * * *"

Appellee argued below, and argues herein, that because it is within the "general market area" of the members of SADA, appellants violated R.C. 4517.22(C) when they failed to extend to Dorr an invitation to participate in the auto show. The statute does not define the phrase "general market area." Rather, paragraph (E) of R.C. 4517.22 provides:

"The registrar shall not grant permission for any motor vehicle show to be held, unless it is proven to his satisfaction that no attempt is being made to circumvent the provisions of sections 4517.01 to 4517.45 of the Revised Code."

Accordingly, the Ohio General Assembly has delegated to the registrar of the BMV the authority to determine whether an application for an auto show meets the requirements of the statute. By its very granting of the permit to SADA, the BMV determined that SADA members comprised a general market area and had not violated any provision of R.C. 4517.01 to 4517.45.

By granting the permanent injunction below, the trial court infringed upon the BMV's control over which dealers can partake in auto shows. That the trial court did not have jurisdiction over this matter is further supported by the following. Pursuant to R.C. 4517.99, violations of R.C. 4517.03(B) and 4517.22(G) constitute fourth degree misdemeanors. By its order allowing Dorr to display its vehicles outside its place of business without a permit from the BMV, the trial court has caused Dorr to theoretically commit a fourth degree misdemeanor. Surely the Ohio General Assembly did not intend such a result.

Finally, we note that R.C. 4517.33 sets forth procedures for appeals, investigations, suspensions and revocations. Under that section, appeals to the Motor Vehicle Dealers Board ("board") are only permitted from an order of the registrar *refusing* to issue a license or permit and, therefore, would not allow Dorr to appeal to the board from the registrar's granting of a permit to SADA. However, R.C. 4517.33 also allows a person to file a complaint with the board alleging a violation of R.C. 4517.01 to 4517.65 by a licensee or permittee.

Accordingly, if a dealer believes it has been denied participation in an auto show in violation of R.C. 4517.22(C), it can file a complaint with the board. In this manner, the board can review the issue of whether appellee is within the general market area of appellants.

We therefore conclude that the trial court did not have jurisdiction to entertain Dorr's complaint seeking an injunction. The first assignment of error is therefore well taken. Given our ruling on the first assignment of error, we find the second assignment of error moot.

On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), judgment is hereby entered in favor of appellants. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

ABOOD and SHERCK, JJ., concur.