OPINION
Plaintiff DBM, Ltd., appeals a judgment of the Court of Common Pleas of Licking County, Ohio, dismissing its complaint for declaratory judgment and injunctive relief, finding the court lacked subject matter jurisdiction. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT FOR DECLARATORY JUDGMENT FOR WANT OF JURISDICTION.
The record indicates DBM Ltd., sought and obtained a change of zoning in Etna Township, Licking County, Ohio. The Board of Township Trustees of Etna Township granted an amendment of the zoning resolution and the zoning map. Thereafter, a referendum petition was filed with the Board of Trustees, which transmitted it to the Licking County Board of Elections. The Board of Elections returned the petition to the Board of Trustees with a certification of the sufficiency and validity of the signatures. At this point, appellant filed its complaint for declaratory judgment and injunctive relief, seeking to invalidate the petition, to enjoin the Board of Trustees from certifying the petition to the Board of Elections and/or from placing the referendum issue on the ballot. The trial court granted the motion to dismiss, finding it lacked jurisdiction to hear the appellant's complaint because the legislature has established a special statutory proceeding providing for a hearing before the Board of Elections when the legality of a referendum petition is questioned. Appellant did not file a protest to the referendum petition with the Board of Elections, and the court held that only after a Board of Elections overrules the protest and affirms the certification would a complaint for declaratory judgment and injunction be appropriate in common pleas court. The court concluded appellant had failed to exhaust its statutory administrative remedy, and dismissed the complaint for declaratory judgment and injunction. R.C.3501.39 establishes the procedure of which petitions may be challenged before a board of elections places a petition on the ballot. The statute states in pertinent part: (A) The secretary of state or a board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs: (1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure. (2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.
The trial court cited State ex rel. Albright v. Delaware County Court of Common Pleas (1991), 60 Ohio St.3d 40. In Albright, the Supreme Court said it was always inappropriate for courts to grant declaratory judgments and injunctions which represent an attempt to resolve matters which are governed by special statutory proceedings. The Supreme Court found the only appropriate action for the court is to dismiss the complaint for declaratory judgment, and concluded this was tantamount to holding a court of common pleas does not have jurisdiction to hear the action in the first place. Albright at 42, citations deleted. Appellant argues the court's reliance on Albright is misplaced. Appellant distinguishes the Albright case because it dealt with an R.C. Chapter 709 dispute over annexation of lands. While appellant is correct, we find it is too narrow a reading of the Supreme Court's holding. Rather, the Albright court held injunctive and declaratory relief are inappropriate if they act to by-pass special statutory proceedings. In the case at bar, there is a special statutory proceeding, namely R.C. 3501.39. We find the trial court correctly found, pursuant to Albright, supra, it lacked jurisdiction over this matter, because appellant had not first pursued its statutory administrative remedies. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 _______________ Gwin, P.J.,
Hoffman, J., and Boggins, J., concur