OPINION
Appellant, James E. Stamper, brings this pro se appeal from a June 29, 2001, judgment of the Civil Division of the Court of Common Pleas of Wyandot County dismissing his petition for declaratory judgment. Stamper asserts that the trial court improperly dismissed the action for failure to state a claim for relief under Civ.R. 12(B)(6). Because Stamper's action for declaratory judgment bypassed special statutory proceedings for post-conviction petitions as provided by R.C. Chapter 2953, the trial court was without jurisdiction to entertain the action and therefore, we affirm the dismissal.
The facts that are relevant to the issues raised on appeal are as follows. On April 6, 1999, the Wyandot County Court of Common Pleas convicted Stamper of one count of felonious assault, an aggravated felony of the second degree, in violation of R.C. 2903.11(A)(1) after a jury verdict of guilty. Stamper was sentenced to a six year prison term and ordered to pay restitution in the amount of $7,357.41.
Stamper filed a direct appeal to this Court. On September 13, 2000, we affirmed Stamper's conviction and sentence.[1]
On May 13, 2001, Stamper filed a complaint for declaratory judgment, pursuant to R.C. 2721.03, R.C. 2921.05, and Civ.R. 57, against Appellee, E. Michael Pfeifer ("Appellee"), Wyandot County Prosecuting Attorney, in the civil division of the Wyandot County Court of Common Pleas. In his complaint, Stamper challenged the constitutionality of several provisions of R.C. Title 29. Pertinent to his felonious assault conviction, Stamper asserted that the use of victim impact statements to increase the prescribed maximum range of penalties violated his Sixth Amendment notice and jury trial rights and, therefore, he requested that the trial court be directed to review the validity of his sentence.
Appellee responded with a motion to dismiss on June 13, 2001. In this motion, Appellee asserted that the complaint failed to state a claim upon which relief may be granted, that Stamper did not have an interest in the statute sufficient to seek relief under the declaratory judgment statutes, that the challenged statutes had previously been held constitutional, and that, having been denied relief in his criminal appeal, Stamper was now trying to pursue a civil review of his conviction and sentence. Stamper responded to the motion on June 25, 2001. On June 29, 2001, the trial court dismissed Stamper's complaint "for the reasons articulated in the motion to dismiss." This timely appeal followed.
Stamper presents two assignments of error for our review. Because we find the disposition of Stamper's first assignment of error to be dispositive of this appeal, we do not reach his second assignment of error.
 Assignment of Error Number One [T]he trial court abused its discretion by dismissing Appellant's petition for declaratory judgment pursuant to Civil Rule 12(B)(6), where, Plaintiff-Appellant had clearly stated and alleged a prima facie case for relief under the Sixth Amendment notice and jury trial guarantees as pronounced by the United States Supreme Court in Apprendi v. New Jersey, 120 S.Ct. 2348.
 While Stamper argues that the trial court erred in dismissing his petition for declaratory judgment for failure to state a claim upon which relief may be granted, the trial court clearly stated that the action was dismissed "for the reasons articulated in the motion to dismiss." As enumerated above, this motion contained several arguments in addition to the claim that the complaint failed to state a claim upon which relief could be granted. Nevertheless, because we find the trial court was without jurisdiction to hear the action, it is unnecessary for us to consider whether dismissal pursuant to reasons articulated in the motion was appropriate.
R.C. Chapter 2721 provides that courts may declare the rights, status, and other legal relations between parties via declaratory judgment. A party seeking declaratory relief may generally do so despite the availability of other adequate remedies.[2] However, the Ohio Supreme Court has held that actions for declaratory judgment and injunction are inappropriate where special statutory proceedings would be bypassed.[3]
 [S]ince it is always inappropriate for courts to grant declaratory judgments and injunctions that attempt to resolve matters committed to special statutory proceedings, their decisions should always be reversed on appeal, except when they dismiss the actions. We find this tantamount to a holding that courts have no jurisdiction to hear the actions in the first place, and now so hold.[4]
 This lack of jurisdiction was held to be patent and unambiguous, rendering the adequacy of appeal as an alternative remedy irrelevant.[5]
R.C. 2953.21 permits Stamper to attempt to obtain vacation or correction of his sentence following his direct appeal based upon asserted constitutional rights violations through post-conviction petitions for relief. A petition for post-conviction relief is a special statutory proceeding provided by R.C. Chapter 2953.[6] By filing a declaratory judgment action Stamper bypassed this special statutory procedure. We conclude, therefore, that the trial court properly dismissed Stamper's petition for declaratory judgment as it was without jurisdiction to do otherwise.[7]
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
SHAW and HADLEY, JJ., concur.
[1] State v. Stamper (Sept. 13, 2000), Wyandot App. No. 16-2000-06, unreported, dismissed, appeal not allowed by (2000),90 Ohio St.3d 1490.
[2] Civ.R. 57.
[3] State ex rel. Taft-O'Connor '98 v. Court of Common Please ofFranklin County (1998), 83 Ohio St.3d 487, 489; State ex rel. Smith v.Frost (1995), 74 Ohio St.3d 107, 112; State ex rel. Albright v. DelawareCty. Court of Common Pleas (1991), 60 Ohio St.3d 40, 42.
[4] Albright, 60 Ohio St.3d at 42.
[5] Id., at 43.
[6] State v. Kinney (1999), 136 Ohio App.3d 1, 21; State v. Spirko
(1998), 127 Ohio App.3d 421, 429, dismissed, appeal not allowed by (1998), 83 Ohio St.3d 1430; Deen v. State (Nov. 6, 1998), Montgomery App. No. 17109, unreported, dismissed, appeal not allowed by (1999),85 Ohio St.3d 1440.
[7] Deen v. State (Nov. 6, 1998), Montgomery App. No. 17109, unreported, dismissed, appeal not allowed by (1999), 85 Ohio St.3d 1440;Canter v. Voinovich (1997), Lorain App. No. 97CA006665, unreported.