OPINION
{¶ 1} Plaintiff Violet Township Board of Township Trustees appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which dismissed his complaint pursuant to Civ.R. 12 (A)(1), (6), and (7). Appellant assigns three errors to the trial court:
 {¶ 2} "The trial court erred when it found that plaintiff-appellant lacked standing to contest defendant-appellee's scheme of inducing individuals and developers into entering into illegal pre-annexation agreements.
 {¶ 3} "The trial court erred when it found that plaintiff-appellant did not have a legally recognized interest in defendant-appellants annexation agreements.
 {¶ 4} "The trial court erred when it found that plaintiff-appellants claims were not ripe."
 {¶ 5} The record indicates the original complaint was brought by Violet Township and Ted Hackworth, a resident of Pickerington. Hackworth dismissed his portion of the action, and is not a party to this appeal.
 {¶ 6} Appellant's complaint sought a temporary restraining order, a preliminary, and a permanent injunction against the City of Pickerington, claiming the ten pre-annexation agreements the City of Pickerington entered into with various separate landowners were illegal.
 {¶ 7} The pre-annexation agreements dealt with several different annexations that were before the Fairfield County Commissioners for hearing. The township's complaint sought to prevent the City from annexing any of the township property. The township argued the pre-annexation agreements were unlawful because they proposed to permit landowners to re-zone some of the property to higher densities, and would discriminatorially give the property owners who entered into the agreements various credits and reimbursements for tap fees and utility fees, as well as monetary and financial gifts to residential developers.
 {¶ 8} In response, the City filed a motion to dismiss. The trial court sustained the motion in its April 23, 2002 memorandum of decision.
 {¶ 9} Appellant Township correctly states the procedures and standard of review applicable here. First, in order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief, O'Brien v. UniversityCommunity Tennis Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753. On appeal, we review the dismissal de novo, Greenley v. Miami ValleyMaintenance Constractors, Inc. (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Because a motion to dismiss for failure to state a claim which relief can be granted is procedural, we only look to the complaint to determine whether the allegations state a claim, see e.g., State ex rel. Hanson v.Guernsey County Board of Commissioners (1992), 65 Ohio St.3d 545,605 N.E.2d 378. For purposes of this review only, we must accept all factual allegations of the complaint to be true, and draw all reasonable inferences in favor of the non-moving party, see Byrd v. Faber (1991), 57 Oho St.3d 556, 565 N.E.2d 584. If there is a set of facts consistent with the complaint which would allow the plaintiff to recover, then dismissal is inappropriate, see York v. Ohio St. Highway Patrol (1991),60 Ohio St.3d 143, 573 N.E.2d 1063.
 I {¶ 10} In its first assignment of error, appellant challenges the court's finding it lacked standing to contest the pre-annexation agreements.
 {¶ 11} The trial court found the Trustees of Violet Township are not residents of Pickerington, but are merely representatives of Violet Township, seeking to prevent the City from annexing property currently in Violet Township. The court found as such, the Violet Township Trustees did not have standing to bring this action or to invoke the court's jurisdiction over the annexation process at this particular point.
 {¶ 12} The trial court correctly noted where the law provides a statutory scheme for review of an issue, injunction or declaratory action does not lie outside of that scheme. The court cited State ex rel.Albright v. Court of Common Pleas of Delaware, (1991), 60 Ohio St.3d 40, in support of this proposition. The court found that all of the trustees' rights and claims are limited to the statutory scheme for annexation contained in Title VII of the Revised Code. The court also found Violet Township does not have any legally recognized interest in the City of Pickerington's action.
 {¶ 13} We find the trial court correctly stated the law, and appropriately applied it to the issue of Violet Township's standing. We agree with the trial court Violet Township has stated no facts giving rise to the standing to contest the city's actions. Accordingly, the first assignment of error is overruled.
 II {¶ 14} In its second assignment of error, appellant argues the court was incorrect in finding it did not have a legally recognized interest in the annexation agreement.
 {¶ 15} In addition to the rationale stated in I, supra, the court noted the pre-annexation agreements are non-enforceable until and unless the annexations actually take place. At the time this action was filed, the county commissioners had not conducted the annexation hearings. We agree with the trial court Violet Township has stated no facts demonstrating it has an interest in the preliminary pre-annexation agreements the City has entered into with individuals. Accordingly, the second assignment of error is overruled.
 III {¶ 16} In its third assignment of error, Violet Township argues the court incorrectly found its claims were not ripe for review. Again, in addition to the reasons stated supra, the court found until the annexation is approved, no harm is possible, nor has the City neglected any of the necessary procedures pursuant to the Revised Code concerning either annexation or zoning.
 {¶ 17} We agree with the trial court appellant Township has failed to state sufficient facts demonstrating the matter is ripe for review, or that irreparable harm is imminent. Accordingly, the third assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, P.J., Wise, J., and Boggins, J., concur.
topic: annexation procedure — standing.