THE STATE, EX REL. FOREMAN, APPELLANT, *v.* BELLEFONTAINE MUNICIPAL COURT ET AL., APPELLEES.

[Cite as State, ex rel. Foreman, v. Bellefontaine Municipal Court, 12 Ohio St. 2d 26.]

(No. 41062—Decided November 8, 1967.)

*Mr. Harold C. Foreman*, in propria persona.

*Mr. Robert E. Dunlap*, prosecuting attorney, and *Mr. James B. West*, city solicitor, for appellees.

*Per Curiam.* The Court of Appeals, although finding that Municipal Courts have jurisdiction in declaratory judgment actions, also found that those courts do not have such jurisdiction in this particular type of action.

Section 2721.02, Revised Code, reads as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Under this section courts of record have jurisdiction in declaratory judgment actions. The Municipal Court is a court of record. (Section 1901.02, Revised Code.) Thus, the Municipal Courts have jurisdiction in declaratory judgment actions.

However, the Municipal Court is not a court of general civil jurisdiction. The Municipal Court is a court of limited and specific jurisdiction. This jurisdiction is set forth in Section 1901.18, Revised Code. Under this section Municipal Courts are given specific jurisdiction in designated areas of the law. There is nothing in this section which gives the Municipal Court the

general power to render declaratory judgments or to determine the validity of an ordinance outside the exercise of its specific jurisdictional areas.

Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act. *San Ysidro Irrigation District* v. *Superior Court of San Diego County*, 56 Cal. 2d 708, 365 P. 2d 753, and 26 Corpus Juris Secundum 255, Declaratory Judgments, Section 113.

Turning to the specific question before the court: A Municipal Court has the power to grant relief by declaratory judgments within the limits of its jurisdiction of the subject matter. For example, the Municipal Court has jurisdiction over actions in contract; it could, therefore, grant declaratory relief in relation to a contract. It could also, if an ordinance were involved in such contract, grant declaratory relief in relation to such ordinance.

Appellant in the instant case seeks to have certain tax ordinances of the city declared invalid and to prohibit the county auditor from making assessments under such ordinance. Section 1901.18, Revised Code, which sets forth the jurisdiction of Municipal Courts, does not grant power to Municipal Courts to entertain such actions.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.