**WRIGHT**

**v.**

**OHIO BUREAU OF MOTOR VEHICLES.**

Hamilton County Municipal Court.

No. 94–CV–11449.

Decided July 19, 1994 and Nov. 7, 1994.

30

*John H. Flessa*, for plaintiff.

*Lee Fisher*, Attorney General, and *Jeffrey R. Goldsmith*, Assistant Attorney General, for defendant.

MARK P. PAINTER, Judge.

This opinion is in two parts. Part I holds that a municipal court has jurisdiction in a declaratory judgment action involving the constitutionality of R.C. 4507.169. Part II holds that (1) R.C. 4507.169 is constitutional when read *in pari materia* with R.C. 4507.60, and (2) the proper court for a petition for occupational driving privileges under a suspension imposed under R.C. 4507.169 is the municipal or county court where the petitioner resides.

## Part I, Issued July 19, 1994

This case is before this court on the state's motion to dismiss. Plaintiff, Steven Wright, a Hamilton County resident, received notice from the Ohio Bureau of Motor Vehicles ("BMV") that his driving privileges were suspended for a period of six months, under R.C. 4507.169, because of a conviction in the state of Indiana for driving under the influence of alcohol. Plaintiff appealed the suspension to the BMV and requested an administrative hearing. An administrative hearing was held, which confirmed plaintiff's suspension. Plaintiff then brought this action seeking to have R.C. 4507.169 declared unconstitutional, alleging that it violates the due process, equal protection, and double jeopardy provisions of the United States Constitution.

The state has moved to dismiss plaintiff's complaint on the grounds that this court lacks jurisdiction to determine this matter. The state's argument is twofold: (1) plaintiff's action is actually an appeal of the administrative agency's denial of plaintiff's administrative appeal and, as such, is governed by R.C. 119.12, which states that an appeal of an administrative agency's decision must be filed in the court of common pleas; and (2) even if plaintiff's complaint is construed as a suit for declaratory judgment, this court does not have jurisdiction to hear it, since plaintiff's misdemeanor offense occurred outside the court's territorial limits.

First, this court must determine whether plaintiff's action is an appeal of an administrative agency's decision. If so, then pursuant to R.C. 119.12, this court lacks jurisdiction to hear it, and the case should be transferred to the Hamilton County Court of Common Pleas. However, if plaintiff's action is not an appeal, then this court has jurisdiction over this case unless this court's jurisdiction fails on other grounds.

Plaintiff's only claim is that R.C. 4507.169 is unconstitutional. When a party's sole claim is that a statute is unconstitutional, the claim may be heard in a declaratory judgment action outside of the administrative proceeding, since an administrative agency cannot determine the constitutional validity of a statute. See *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 586 N.E.2d 80.

See, also, *Staffilino Chevrolet, Inc. v. Gen. Motors Corp.* (1993), 86 Ohio App.3d 247, 250, 620 N.E.2d 256, 258. Since plaintiff is seeking a declaratory judgment as to the constitutionality of R.C. 4507.169, plaintiff's action is not an appeal of the license suspension that is governed by R.C. 119.12, but rather an original action properly brought before a court.

The state also argues that, even if plaintiff's suit is not an appeal of an administrative decision, this court lacks jurisdiction over plaintiff's suit for declaratory judgment. It is well settled that a municipal court is a court of record with the power to grant declaratory relief provided it has subject-matter jurisdiction over the underlying action. R.C. 2721.02; *State ex rel. Foreman v. Bellefontaine Mun. Court* (1967), 12 Ohio St.2d 26, 41 O.O.2d 159, 231 N.E.2d 70. The state further argues that this court does not have jurisdiction over this action on the grounds that a municipal court's jurisdiction over misdemeanors is granted by R.C. 1901.20, which limits a municipal court's jurisdiction to a "violation of any ordinance of any municipal corporation within its territory and of any misdemeanors *committed within the limits of its territory.*" (Emphasis added.)

The state correctly asserts that plaintiff's misdemeanor resulting in the driving suspension occurred in Indiana, well outside the territorial limits of this court's jurisdiction. Unfortunately, the state is attempting to apply the standard for subject-matter jurisdiction of misdemeanors to a civil case. Plaintiff's underlying misdemeanor conviction in Indiana is not the subject matter of plaintiff's civil suit, but rather the alleged unconstitutional suspension of plaintiff's driving privileges in Ohio. Plaintiff's suit is undoubtedly civil in nature and, as such, must meet only the standard for subject-matter jurisdiction of civil matters.

"A municipal court has subject-matter jurisdiction of an action when three jurisdictional requirements are met: (1) Monetary jurisdiction—in an action for money damages the amount claimed must not exceed ten thousand dollars (R.C. 1901.17); (2) Categorical jurisdiction—the action must fall within one of the categories of actions which the court is authorized to hear and determine (R.C. 1901.18); and (3) Territorial jurisdiction—the action must have at least one of the three well-defined contacts with the territorial limits of the municipal court (R.C. 1901.02; 1901.19[D] )." *Melamed v. Catalano* (M.C.1981), 20 O.O.3d 428, 435.

Plaintiff's action meets all three jurisdictional requirements of this court. The monetary jurisdictional requirement is obviously met, since plaintiff does not demand any monetary damages.

Categorical jurisdiction is also met. In *Urbana ex rel. Newlin v. Downing* (1989), 43 Ohio St.3d 109, 539 N.E.2d 140, certiorari denied (1989), 493 U.S. 934, 110 S.Ct. 325, 107 L.Ed.2d 315, plaintiff brought a declaratory judgment action in municipal court to have five adult magazines declared obscene under an Urbana

obscenity ordinance. On appeal, defendants contested the municipal court's categorical jurisdiction to grant declaratory relief. The Ohio Supreme Court held that the Urbana Municipal Court had categorical jurisdiction over declaratory judgment actions. In its reasoning, the court stated: "R.C. 1901.18 sets forth the subject-matter jurisdiction of the municipal courts. It provides in pertinent part: '(A) Subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory * * * (1) In any civil action, of *whatever nature or remedy*, of which judges of county courts have jurisdiction * * *.'" (Emphasis *sic*.) *Urbana*, 43 Ohio St.3d at 110, 539 N.E.2d at 141.

County courts are courts with limited jurisdiction that is set forth in R.C. Chapter 1907. However, like municipal courts, county courts are courts of record for all purposes of law. R.C. 1907.01. And according to the Declaratory Judgment Act, courts of record may *declare rights*, status, and other legal relations whether or not further relief is or could be claimed. Since a county court has the authority to grant declaratory relief, then this court has categorical jurisdiction to grant declaratory relief, if the monetary and territorial elements of jurisdiction are met.

Finally, territorial jurisdiction can be met in one of the following three ways, any one of which is sufficient: "(1) The subject matter of the action or proceeding is located within the territorial limits of the municipal court; (2) the defendant or some one of the defendants resides within the territorial limits of the municipal court; or (3) the defendant or some one of the defendants is validly served with a valid summons within the territorial limits of the municipal court." *Melamed v. Catalano, supra*, 20 O.O.3d 428, 435.

In this case, territorial jurisdiction has been met. Plaintiff's ability to drive legally upon the highways and streets of Ohio, which is the subject matter of this proceeding, is arguably located within the jurisdiction of this court. That is, plaintiff seeks driving privileges to drive to and from work within the jurisdiction. Granting of driving privileges is the daily work of the municipal courts, not the courts of common pleas. In addition, municipal courts hear appeals from Bureau of Motor Vehicle administrative license suspensions. R.C. 4511.191; R.C. 4507.21(K). Also, plaintiff served a copy of the complaint on the Bureau of Motor Vehicles at the bureau's Cincinnati office, which falls within the territorial limits of this court.

This court has monetary, categorical, and territorial jurisdiction over this action. Since all three jurisdictional elements are met, this court has subject-

matter jurisdiction.[1]  Therefore, pursuant to *Foreman, supra*, this court has the authority to issue a declaratory judgment, if appropriate.  The state's motion to dismiss is overruled.[2]

*Motion to dismiss*
*for lack of jurisdiction overruled.*

### Part II, Issued November 7, 1994

The second part of the decision has been deferred in order to have the benefit of memoranda from both parties.  In his complaint, plaintiff alleges that R.C. 4507.169 violates the equal protection, due process, and double jeopardy provisions of the United States Constitution.  However, plaintiff has since abandoned the due process and double jeopardy arguments and simply alleges that R.C. 4507.169 violates the Equal Protection Clause.

### A.  Mootness Issue

■  Also, plaintiff's six-month driving suspension imposed by the Ohio Bureau of Motor Vehicles automatically terminated on August 7, 1994.  Because of this, the state has filed a motion to dismiss plaintiff's complaint on mootness grounds. The state is correct in that no actual controversy exists between the parties since the plaintiff's suspension is over and that plaintiff's action is, in fact, now moot.

Nevertheless, a court may rule on an otherwise moot case where issues raised are "capable of repetition, yet evade review."  *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus; *S. Pacific Terminal Co. v. Interstate Commerce Comm.* (1911), 219 U.S. 498, 515, 31 S.Ct. 279, 283–284, 55 L.Ed. 310, 315–316.  Also, both the United States and Ohio Supreme Courts recognize a corollary to the "capable of repetition, yet evading review" doctrine in cases where issues raised concern important public rights, debatable constitutional questions, or matters of great public or general interest.  *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), *supra; S. Pacific Terminal Co., supra.*  See, also, *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655, 657.  Without a doubt, the case does all of the above.  It concerns public rights, presents a debatable constitutional question and is a matter of great public interest.  At the heart of this case is the question of whether R.C. 4507.169 is constitutional.  It has the potential to affect every person with an Ohio driver's license.  Also, the situation

---

1.  Accord *Harrison v. Brown* (Aug. 19, 1994), Miami Cty. M.C. No. 94–CVHi–1137, unreported, issued after the release of this part of the opinion, holding that Miami County Municipal Court has jurisdiction of an action involving R.C. 4507.169.

2.  This court recognizes that the issue of jurisdiction is subject to differing interpretations. However, in view of Part II of this opinion, Part I, in hindsight, is correct.

here will be repeated every time an Ohio licensee is convicted of an out-of-state DUI. In almost all cases, by the time a court has time to consider the constitutional issues, the suspension will be over, rendering the case moot, and the issues will "evade review." Therefore, this case falls squarely within "public rights" exception to the mootness doctrine, and the state's motion to dismiss on mootness grounds is overruled.

### B. Equal Protection

■ Now that this court has concluded all the preliminary matters, this court can finally focus on the actual dispute in this case. At the heart of the dispute in this case is the difference in treatment between Ohio licensees who are convicted of in-state DUIs versus those Ohio licensees who are convicted of out-of-state DUIs.

In Ohio, after an Ohio licensee has been convicted of driving under the influence, that individual's driver's license is suspended by the court for a minimum of six months. After the individual is sentenced, he or she has the right to petition the court for occupational driving privileges pursuant to R.C. 4507.16. The court may, upon a requisite showing of hardship, grant occupational driving privileges. If an Ohio licensee is convicted in another state of driving under the influence, under R.C. 4507.169, the Bureau of Motor Vehicles automatically imposes a six-month driving suspension. R.C. 4507.169 states that the individual may appeal that suspension to the Ohio Bureau of Motor Vehicles. However, R.C. 4507.169 is silent as to the granting of occupational privileges.

Until now, it has been assumed that R.C. 4507.169 prohibits the granting of occupational driving privileges. Plaintiff argues that R.C. 4507.169 violates the Equal Protection Clause of the United States Constitution because Ohio licensees who receive out-of-state DUI convictions are treated differently than Ohio licensees receiving in-state DUI convictions, since the latter are entitled to occupational driving privileges during the driving suspension, while the former are not. Plaintiff asserts that there is no rational basis for the distinction between Ohio licensees who receive in-state DUI convictions and those who receive out-of-state DUI convictions. Plaintiff is undoubtedly correct.

In the interim since Part I of this decision, another case has been proceeding in the court of common pleas of this county. In that case, Judge Thomas Crush of the Hamilton County Court of Common Pleas held that R.C. 4507.169 is unconstitutional because there is no rational basis for allowing Ohio licensees with in-state DUI convictions to have occupational driving privileges while not permitting Ohio licensees with out-of-state DUI convictions the same privileges. *Hughes v. Ohio Bur. of Motor Vehicles* (1994), Hamilton C.P. No. A–94–02209, unreported. Judge Crush, in so holding, stated:

"The Attorney General has been unable even to suggest a reason for disparity of treatment under the statute given to Ohio residents convicted of D.U.I. in Kentucky and those convicted in Ohio. Nor can this court conjure up any rational distinction between the two classes. It cannot be rationally argued that the Ohio legislature is more concerned with the safety of Kentucky citizens than with the safety of Ohio citizens, and has deliberately created greater civil penalties for an offense committed in Kentucky but lesser penalties for the same offense committed in Ohio; nor that the Ohio legislature is more concerned with Kentucky citizens' retaining their jobs than Ohio citizens' retaining theirs.

"In summation, it is evidence that R.C. 4507.169 is facially invalid by treating those Ohio citizens convicted of D.U.I. in another state more severely than those convicted of the same crime in Ohio; that there is no rational basis for said discrimination; that the statute is arbitrary and no state of facts reasonably can be conceived that would sustain it; that these conclusions have been proven by clear and convincing evidence and, in fact, beyond a reasonable doubt.

"Therefore this court finds that R.C. 4507.169, to the extent discussed above, violates the equal protection clause of the fourteenth amendment of the Constitution, and is invalid and unenforceable." *Hughes* at 8–9.

The state now alleges to this court (which the state did not allege in *Hughes* ) that R.C. 4507.169 does *not* violate equal protection because it must be read *in pari materia* with R.C. 4507.60, the Driver License Compact, which provides that Ohio licensees with out-of-state DUI convictions be granted occupational driving privileges in the same manner as Ohio licensees with in-state DUI convictions.

R.C. 4507.60, otherwise known as the Driver License Compact, is an agreement entered into by various states to ensure compliance with motor vehicle laws by out-of-state drivers. The compact provides for reporting convictions of enumerated offenses of out-of-state drivers back to that driver's home state. Pursuant to R.C. 4507.60 Article IV, the Driver License Compact requires that when an Ohio licensee is convicted out-of-state for, among other things, a DUI, then the state of Ohio, for purposes of suspension or revocation of the Ohio driver's license, *shall treat the conviction as if it had occurred in Ohio.* The obvious rationale for this provision is that if an Ohio licensee incurs a DUI conviction in another state, any suspension of his or her right to drive in that state will be, in most cases, no suspension at all, and the Ohio licensee will be unaffected. By treating the out-of-state DUI as if it occurred in Ohio, the state is assured that a suspension will be imposed in Ohio.

At first glance, it may appear that R.C. 4507.169 and R.C. 4507.60 are in conflict, since it has been assumed that R.C. 4507.169 does not provide for occupational privileges, but R.C. 4507.60 would allow the granting of occupational privileges.

■ The general rule where two statutes are in conflict is that the specific statute controls over the general statute, unless the general statute can be shown to be a later adoption and it is the General Assembly's manifest intent to have the general provision control. R.C. 1.51 and 1.52(A). However, where two statutes conflict, the general and specific statutes are to be construed, if possible, so that effect may be given to both. *Barksdale v. Ohio Dept. of Adm. Serv.* (1992), 78 Ohio App.3d 325, 328, 604 N.E.2d 798, 800. Upon a closer analysis of R.C. 4507.169 and R.C. 4507.60, it is clear that effect may be given to both.

R.C. 4507.169 mandates a license suspension for an Ohio licensee convicted of an out-of-state DUI. R.C. 4507.169 also provides for an appeal of the suspension and outlines the proper procedure for *appealing* that suspension. However, petitioning for occupational privileges and an appeal of the underlying suspension are two entirely separate procedures. When an individual petitions a court for occupational driving privileges, that individual is not appealing the underlying suspension itself, but simply asking for the opportunity to drive to preserve his or her employment during the suspension. R.C. 4507.169 does not *prohibit* the granting of occupational privileges—it is merely silent as to any privileges. Since R.C. 4507.169 does not expressly prohibit a court from granting occupational privileges, it is not in conflict with R.C. 4507.60 and, therefore, effect can be given to both R.C. 4507.169 and R.C. 4507.60.

"It is axiomatic that all legislative enactments enjoy a presumption of constitutionally." *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450. See, also, *State, ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. It is also uncontroverted that courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *Dorso,* 4 Ohio St.3d at 61, 4 OBR at 151, 446 N.E.2d at 450. Therefore, this court should, if possible, interpret those provisions together so as to preserve the constitutionality of both.

In light of the provision in R.C. 4507.60 that an Ohio licensee with an out-of-state DUI conviction be treated as if the DUI conviction occurred in-state, this court holds that R.C. 4507.169 is constitutional, since an Ohio licensee with a license suspension pursuant to R.C. 4507.169 is permitted to petition a court for occupational privileges during the license suspension period. Therefore, R.C. 4507.169 when read *in pari materia* with R.C. 4507.60 does not violate the Equal Protection Clause to the United States Constitution, since an Ohio licensee convicted of an out-of-state DUI has the same right to occupational driving privileges as does an Ohio licensee convicted of an in-state DUI. Accord *Harrison v. Brown* (Aug. 19, 1994), Miami Cty. M.C. No. 94–CVHT–1137, unreported.

The state's argument has now come full circle. If, as the Attorney General now contends and this court finds, this court would have the authority to grant occupational privileges, thus saving the constitutionality of R.C. 4507.169, then, *ipso facto,* this court does (or did) have categorical jurisdiction and is (or was) the proper court to hear the constitutionality of R.C. 4507.169.

### C. Proper Procedure

■ When an individual receives a six-month license suspension for an out-of-state DUI, the individual may petition the court for occupational privileges, which, upon a requisite showing of hardship, may be granted. Unfortunately, and as usual, confusion exists as to what court would have jurisdiction.

■ The Driver's License Compact, R.C. 4507.60, requires the court to treat the DUI conviction as if it had occurred in Ohio. If the DUI conviction had occurred in Ohio, then the proper court to grant occupational privileges is the "municipal court, county court, or if the person is a minor, juvenile court with jurisdiction over the place at which the arrest occurred." R.C. 4511.191(I)(1) and (4) for administrative license suspensions and R.C. 4507.16(F) for court suspensions. Unfortunately, in these cases, the place of arrest is in another state. However, common sense and historical precedent dictate that the municipal or county court where the individual resides has jurisdiction over the petition for occupational privileges. See, *e.g.,* R.C. 4507.021(K) ("points" suspension petitions for occupational privileges filed where licensee lives) and the former version of R.C. 4511.191 (appeal of former "implied consent" suspensions filed where licensee lived). Unless the plaintiff contests the *validity* of the out-of-state suspension, there is no need to file an "appeal" of the underlying conviction with the Bureau of Motor Vehicles. The petition for occupational privileges is not an "appeal" of the suspension, so there is no need to exhaust the "administrative remedy," which would only be a vain act.

### D. Conclusion

R.C. 4507.169 when read *in pari materia* with R.C. 4507.60 does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. An Ohio licensee who is convicted of out-of-state DUI and receives an automatic six-month driving suspension is entitled to petition for occupational privileges as if the individual were convicted of DUI in Ohio. Accordingly, the court should, in those cases where appropriate, grant occupational driving privileges. Since the plaintiff's suspension has automatically terminated in this case, occupational privileges are no longer an issue.

*Judgment accordingly.*