The STATE of Ohio, Appellee,

v.

BORCHARDT, Appellant.

[Cite as *State v. Borchardt* (1997), 118 Ohio App.3d 857.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–96–51.

Decided March 31, 1997.

858

*Mark Klepatz*, Tiffin City Prosecutor, for appellee.

*Jeffrey S. Ream*, for appellant.

HADLEY, Judge.

This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5) we elect to render decision by written opinion.

Defendant-appellant, Elizabeth K. Borchardt, appeals the sentence of the Tiffin Municipal Court permanently revoking her driver's license following her conviction for vehicular homicide, a violation of R.C. 2903.07. For the reasons that follow, we reverse the sentence of the municipal court and remand the cause with instructions for sentencing.

On July 8, 1996, appellant, traveling west on County Road 21 in Seneca County, failed to stop at the intersection of County Road 34 and collided with another vehicle. All four of the passengers in the vehicle traveling on County Road 34 suffered serious injuries. One of the passengers, Helen Beddow, subsequently died as a result of the injuries she sustained in the accident. Appellant was cited for vehicular homicide for the death of Beddow.

On November 5, 1996, appellant pled no contest in the Tiffin Municipal Court and was convicted of violating R.C. 2903.07, vehicular homicide, a first-degree misdemeanor. After finding appellant guilty of the offense, the trial judge sentenced appellant to a $10 fine, court costs, and the permanent revocation of her driver's license. This appeal follows, with appellant asserting three assignments of error.

"I. The permanent revocation of appellant's license exceeds the maximum suspension that can be imposed under Ohio law for a violation of R.C. § 2903.07.

"II. The trial court erred by failing to follow the sentencing criteria set forth in Revised Code § 2929.22.

"III. Under the circumstances the court abused its discretion by imposing a permanent revocation of appellant's license where the husband of the decedent asked for no license suspension and the probation department recommended a limited suspension."

R.C. 2903.07, a first-degree misdemeanor, prohibits "negligently caus[ing] the death of another" while operating a motor vehicle. A first-degree misdemeanor conviction is punishable up to a maximum of six months of incarceration and a $1,000 fine. R.C. 2929.21.

In addition to a sentence of incarceration or the imposition of a fine, R.C. 4507.16 provides a trial judge the authority to suspend or revoke a person's driver's license for the violation of certain enumerated motor vehicle offenses. Specifically, R.C. 4507.16(A)(7) provides:

"(A) The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall suspend for not less than thirty days or more than three years or shall revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to any of the following:
" * * * *

"(7) A violation of section * * * 2903.07 * * * of the Revised Code or a municipal ordinance substantially similar to section 2903.07 of the Revised Code, unless the * * * judge as trier of fact in the case finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse at the time of the commission of the offense."

Appellant asserts that the trial court went beyond its authority provided by R.C. 2929.21 and 4507.16(A)(7) when it sentenced appellant to a permanent license suspension for violating R.C. 2903.07, the section prohibiting vehicular homicide.

Appellee argues, however, that "R.C. 4507.16(A) authorizes a trial court, in its discretion, to permanently revoke a person's operator's license." *State v. White* (1987), 29 Ohio St.3d 39, 29 OBR 388, 505 N.E.2d 632, paragraph one of the syllabus. In *White,* the offender pled no contest to one count of aggravated vehicular homicide and one count of involuntary manslaughter, both felony offenses. In addition to a three- to ten-year sentence of incarceration, White's sentence included a permanent revocation of his driver's license, pursuant to R.C. 4507.16(A)(2).[1]

---

1. The version of R.C. 4507.16(A)(2) in effect at the time of White's offense provided:

R.C. 4507.16(A)(7) expressly provides that a trial judge has the authority to suspend a person's driver's license for a period of thirty days to three years or revoke the driver's license unless the offender was under the influence of a drug of abuse or alcohol when the vehicular homicide occurs. Thus, a literal interpretation requires finding that a trial judge is without authority to suspend or revoke an offender's driver's license if alcohol or a drug of abuse is involved. Obviously, this is not the intended result.

R.C. 4507.16(A)(7) is intended to allow a trial judge to suspend or revoke the driver's license of an offender where the offender is found guilty of or pleads guilty to vehicular homicide, a violation of R.C. 2903.07. If, however, the offender is under the influence of a drug of abuse or alcohol, the trial judge has the authority to impose a more severe penalty. This result is supported by the remaining sections of R.C. 4507.16.[2] Additionally, the General Assembly ex-

---

"(A) The trial judge of any court of record, in addition to or independent of all other penalties provided by law or ordinance, shall suspend for not less than thirty days nor more than three years or shall revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to any of the following:
"* * * *
"(2) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used." 1996 Am.Sub. S.B. No. 269, Sections 1, 146 Ohio Laws, Part VI, 10752, 11065.

2. R.C. 4507.16(B) identifies the period of time a trial judge may, in addition to other penalties, suspend or revoke the driver's license of a person who is convicted of or pleads guilty to operating a motor vehicle while under the influence of alcohol or a drug of abuse, and who has also, in the previous five-year period, been convicted of another offense for driving under the influence.

If the offender is convicted of or pleads guilty to a violation relating to operation of a vehicle while under the influence, and had, within five years of the offense, been convicted of or pled guilty to driving under the influence, the trial judge shall suspend the offender's driver's license for "not less than one year nor more than five years." R.C. 4507.16(B)(2). The trial judge has no express authority to revoke the offender's license for any period of time.

If the offender is convicted of or pleads guilty to a violation relating to operation of a vehicle while under the influence, and had, within five years of the offense, been convicted of or pled guilty to *two violations* of driving under the influence, the trial judge shall suspend the offender's driver's license for "not less than one year nor more than ten years." R.C. 4507.16(B)(3). Again, the trial judge has no express authority to revoke the offender's license for any period of time.

If the offender is convicted of or pleads guilty to a violation relating to operation of a vehicle while under the influence, and had, within five years of the offense, been convicted of or pled guilty to *three or more violations* of driving under the influence, the trial judge shall suspend the offender's driver's license for a period "not less than three years, and the judge *may permanently revoke* the offender's driver's * * * license." (Emphasis added.) R.C. 4507.16(B)(4).

Not until the offender is convicted of or pleads guilty to a violation of driving under the influence and had three prior violations for driving under the influence does the trial judge have the authority to "permanently revoke" the offender's driver's license.

R.C. 4507.16(D)(1) provides that the trial judge "shall permanently revoke" the driver's license of any person who is convicted of or pleads guilty to certain enumerated offenses,

pressed its intent behind enacting R.C. 4507.16 when it modified the statute in 1982. Specifically, Am.Sub.S.B. No. 432 states that the purpose of the statute modification was to "permanently revoke the drivers' licenses of, persons convicted of *aggravated vehicular homicide* or *vehicular homicide under certain circumstances.*" (Emphasis added.) 139 Ohio Laws, Part I, 927.

■ The language of R.C. 4507.16 taken as a whole, coupled with the expressed legislative intent of the General Assembly in drafting the statute, demonstrates that the legislature intended to grant a trial judge the authority to revoke, and in some enumerated circumstances permanently revoke, an offender's driver's license. A review of the statute reveals that if an offender is convicted of or pleads guilty to vehicular homicide, a violation of R.C. 2903.07, with no aggravating circumstances or any other circumstances specifically identified in the statute, the trial court has the authority to suspend the offender's driver's license only for a period of thirty days to three years or revoke the offender's license. Without more, the trial judge does not have the authority to permanently revoke the driver's license of an offender.

Our holding is not in complete harmony with the Supreme Court's decision in *State v. White*, 29 Ohio St.3d 39, 29 OBR 388, 505 N.E.2d 632, but the present case is factually distinguishable from *White*.

The facts of *White* demonstrate that the trial court properly concluded that a permanent revocation of the offender's driver's license was a proper sentence. In *White*, the trial court convicted the offender of one count of aggravated vehicular homicide and one count of involuntary manslaughter, both felony offenses. White had been driving after drinking alcohol throughout the day. White was fleeing from one accident scene at speeds approaching seventy miles an hour when he ran a red light and struck another vehicle. The driver of the vehicle White struck while running the red light subsequently died from the injuries he sustained. White then attempted to flee the second accident scene on foot until he encountered a deputy sheriff.

■ Unlike *White*, in the present case there were no aggravating circumstances or any other circumstances justifying a permanent license revocation. Appellant had no negative driver's record. There were no drugs or alcohol in her system. There was no road sign to warn appellant to stop at the intersection

---

including vehicular homicide, if the judge, as trier of fact, finds that the offender was under the influence of alcohol or a drug of abuse at the time of the offense.

R.C. 4507.16(D)(2) provides that the trial judge "shall revoke or, if it does not revoke, shall suspend for not less than six months or more than five years" for a violation of certain specified drug offenses identified in R.C. Chapter 2925. No permanent revocation is provided for in R.C. 4507.16(D)(2).

ahead. The state patrol report indicated that the sun contributed to the accident by preventing the appellant from viewing the stop sign; she was partially and temporarily blinded. The probation officer, who thoroughly investigated the case, recommended that appellant receive a one-year license suspension with work-driving privileges. The driver of the vehicle struck by appellant, who was also the decedent's husband, forgave appellant and expressed his desire that appellant not suffer any additional detriment, including license revocation. Appellant was operating her vehicle in an otherwise legal manner, and appellant expressed extreme remorse for the incident. Finally, appellant was cited for and pled no contest to one misdemeanor.

In the present case, the maximum penalty appellant is subject to is six months' incarceration, a $1,000 fine, and the revocation of her driver's license for a reasonable period of time.[3] The trial judge's decision to impose a $10 fine and no period of incarceration on the appellant was within the sentencing guidelines. The trial judge did not have the authority, in the present case, without more, to permanently revoke appellant's driver's license.

As noted above, a trial judge may revoke the driver's license of a person who has violated certain enumerated sections within R.C. Chapter 4507. See R.C. 4507.16(B)(4); 4507.16(D)(1). R.C. Chapter 4507 also provides, however, for a "non-permanent" license revocation. See R.C. 4507.16(A)(7); 4507.34 (where reckless operation can result in the suspension or revocation of the driver's license of the offender for a period not to exceed one year.). The General Assembly enacted R.C. 4507.17 to address the effect of these "non-permanent" revocations. R.C. 4507.17 provides:

"Any person whose license is suspended or revoked under sections 4507.01 to 4507.39, inclusive, of the Revised Code, is not entitled to apply for or receive a new license during the effective dates of such suspension or revocation."

Under the terms of R.C. 4507.17 an offender cannot apply for a new license during the term of revocation. Inherent in this section is the fact that the trial court needs to provide a date of expiration when an offender's revocation or suspension is terminated. Otherwise, the offender is unable to determine the "effective dates of such * * * revocation" as required by the section. Therefore, a sentence requiring a "non-permanent" license revocation must include the effective dates of termination.

---

3. The reasonableness of a license suspension or revocation under R.C. Chapter 4507 can be determined by evaluating the various sections within the chapter and imposing a sentence that is consistent with the chapter guidelines for the various offenses and the facts of the individual case.

We find appellant's first assignment of error to be well taken, and find that, pursuant to and limited by the facts of the present case, the trial court went beyond its authority in permanently revoking appellant's driver's license.[4]

It is the order of this court that the revocation of appellant's license as required by the Tiffin Municipal Court be and hereby is reversed, at the costs of the appellee. The cause is remanded to the trial court for sentencing on the issue of driver's license suspension or revocation only.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., concurs.

SHAW, J., concurs in part and dissents in part.

SHAW, Judge, concurring in part and dissenting in part.

I concur with the majority analysis of the relevant statutes in this case and with the decision to reverse the sentence of the trial court, at least insofar as that court was without authority to permanently revoke the license. I disagree with our effort to write into R.C. 4507.16(A) a generic standard of reasonableness which would require reference to other code sections in determining (or reviewing) the proper period of any license revocation. It does not seem reasonable to me that the legislature would intend to limit the trial court's sentencing options under this statute as to the lesser penalty of license suspension but not as to the more serious penalty of license revocation. I would hold that by expressly limiting the trial court's authority to three years on a license suspension, R.C. 4507.16(A) implicitly limits the trial court's authority to the same period of time for a revocation of that license.

---

**4.** Appellant also argues in her second assignment that the trial court failed to stay within the sentencing guidelines established in R.C. 2929.22 by permanently revoking her driver's license. R.C. 2929.22(A), however, is limited to penalties of imprisonment and fines for misdemeanors. The statute does not address driver's license suspensions or revocations. Thus, the permanent revocation of appellant's driver's license did not violate the sentencing guidelines of R.C. 2929.22, in that the statute did not apply to that provision of appellant's sentence. Appellant's second assignment is not well taken.

Appellant argues, in her last assignment of error, that the trial court abused its discretion by permanently revoking her driver's license. Because we have found that the trial court went beyond its authority in sentencing appellant, we find that appellant's third assignment of error is moot, and we decline to address the alleged error.