OPINION
This appeal is brought by Kevin Zizelman, Appellant, from the judgment of the Court of Common Pleas of Auglaize County, ordering the Ohio Bureau of Motor Vehicles ("BMV") to enforce a prior judgment entry of sentence filed by the common pleas court on September 6, 1996. This appeal presents the issue of whether the court of common pleas had jurisdiction to enforce its sentence after a judgment rendered by the Celina Municipal Court declared the sentence void. For the following reasons, we affirm the decision of the Auglaize County Common Pleas Court.
On July 29, 1996, Zizelman plead guilty to Complicity to Trafficking in Drugs, in violation of R.C.2923.03(A)(1)(2)/2925.03(A)(5)(E)(3), a third degree felony. On September 6, 1996, the trial court sentenced Zizelman to two years incarceration, fined him $3,000, and permanently revoked his operator's license. Zizelman did not appeal his conviction or sentence.
Sometime in 1998, Zizelman petitioned the Celina Municipal Court in Mercer County seeking declaratory relief. Zizelman asked the municipal court to review his Auglaize County felony sentence and to declare that part of it which permanently revoked his operator's license to be unlawful and void. The municipal court, finding it had jurisdiction over the parties and the subject matter, reviewed the sentencing order of the Court of Common Pleas of Auglaize County. On August 27, 1998, the municipal court found the permanent revocation of Zizelman's operator's license was not permitted by law or statute and was void ab initio. Thereafter, the municipal court ordered the BMV to delete all references to the revocation from Zizelman's records so he could again secure a valid operator's license. The State, through the BMV, did not appeal this decision.
On November 12, 1998, the State, through the Auglaize County Prosecuting Attorney, filed a motion in the Common Pleas Court of Auglaize County informing the court of the decision rendered by the Celina Municipal Court and requesting the common pleas court to order the BMV to abide by the original judgment entry of sentence, dated September 6, 1996, which included the order of revocation. That same day, the common pleas court issued a judgment entry ordering the BMV to enforce the previous sentencing order which permanently revoked Zizelman's operator's license. The court noted that the municipal court had no jurisdiction over felony sentencing and that the sentence imposed in Zizelman's case was in accordance with the law.
Appellant now appeals from the November 12, 1998 judgment entry, asserting the following sole assignment of error:
 The trial court erred in issuing its journal entry of November 12, 1998, entitled "Journal Entry — Orders on License Suspension" for the reason that it was without jurisdiction to nullify a judgment rendered by the Celina Municipal Court by requiring the Registrar of the Bureau of Motor Vehicles to ignore the judgment rendered by the Celina Municipal Court or face contempt charges.
Appellant argues that the judgment entry of sentence entered by the Court of Common Pleas of Auglaize County on September 6, 1996 was void insofar as it ordered the permanent revocation of Appellant's operator's license. According to Appellant, such a penalty was not statutorily permitted for his conviction of Complicity to Trafficking in Drugs.
Appellant also contends that the judgment entry from the Celina Municipal Court, declaring the common pleas court order of revocation void and unenforceable, was the result of a civil declaratory judgment action. Appellant argues it was not an action to usurp the jurisdiction of the Auglaize County Common Pleas Court in the matter of felony sentencing. Moreover, since no appeal was taken from the municipal court decision, Appellant claims the State should not have been allowed to collaterally attack the municipal court decision by further action in the common pleas court.
As a threshold matter, we note that this case illustrates the problems which can arise when parties fail to perfect timely appeals from judgments. Appellant, in the first instance, should have, but did not appeal from the Auglaize County Court of Common Pleas' judgment of sentence. Likewise, the State, after appearing in the Celina Municipal Court to respond to the license revocation issue, should have, but did not appeal the municipal court decision. As a result, both parties are at fault for having spawned two conflicting judgment entries from different courts, compounding the legal issues in this case. In order to untangle the procedural morass and reach a reasonable conclusion regarding the propriety of the November 12, 1998 judgment entry of the common pleas court, we are forced to analyze the results of two other actions. The judgment entries reflecting these results appear in the record of this case: the September 6, 1996 Auglaize County Common Pleas Court decision and the August 27, 1998 Celina Municipal Court decision.
It is not disputed that the Auglaize County Court of Common Pleas had initial jurisdiction over Appellant's felony drug trafficking case and that "once the jurisdiction of a court has been properly invoked, * * * such jurisdiction is lost only by a proper judicial termination of the case." Click v. Eckle (1962),174 Ohio St. 88, 89. In 1996, the common pleas court found Appellant guilty of violating R.C. 2925.03 and he was sentenced, in part, to a lifetime revocation of his operator's license. According to R.C. 4507.16(D)(2), in effect prior to July 1, 1996:
 In addition to any other penalties provided by law, the court may revoke * * * the driver's or commercial driver's license of any person who is convicted of or pleads guilty to a violation of section * * * 2925.03 * * * of the Revised Code.
[Emphasis added.]
In State v. White (1987), 29 Ohio St.3d 39, the Ohio Supreme Court defined the term "revoke", as used in R.C. 4507.16. The court found revocation to be "a permanent taking without the expectation of reinstatement." White, 29 Ohio St.3d at 40. Thus, the judgment entry of the common pleas court permanently revoking Appellant's license as an additional penalty for his R.C. 2925.03
felony conviction is facially valid in that the sentence was statutorily permitted.
Had Appellant wished to argue that his sentence was void or voidable, that the court abused its discretion in ordering a permanent revocation, or that his case was distinguishable from White, Appellant could have appealed his sentence. See, e.g., State v. Rowe (1997), 118 Ohio App.3d 121; State v. Borchardt (1997), 118 Ohio App.3d 857. Appellant did not, however, pursue an appeal of his sentence. Thereafter, the only procedure by which Appellant could attack his criminal sentence as void or voidable was through a petition for post-conviction relief. Crim.R. 35; R.C. 2953.21. R.C. 2953.21(I) states, "[t]he remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *."
Instead, under the pretense of a declaratory judgment action, Appellant sought a review of his sentence by the Celina Municipal Court, requesting that court to declare the sentence void and to order the BMV to delete any mention of the revocation from its records. Although framed as a civil declaratory judgment action, the matter required the municipal court to review the substance of Appellant's criminal sentence. The municipal court had no authority to consider whether or not the criminal sentence was void or voidable. As R.C. 2953.21(I) makes clear, collateral attack of a criminal sentence in this manner is prohibited. Nonetheless, the Celina Municipal Court took jurisdiction of the case, citing Wright v. Ohio Bur. Of Motor Vehicles (1994),67 Ohio Misc.2d 29, as authority for its action.
In Wright, a municipal court took jurisdiction in a declaratory judgment action wherein the plaintiff, whose license was suspended following an out-of-state conviction for driving under the influence, challenged the constitutionality of R.C.4507.169, which provides for administrative license suspensions by the BMV. The plaintiff in Wright did not attack a criminal sentence involving license suspension. Consequently, that case is factually and legally distinguishable from Appellant's case. Wright does not support the Celina Municipal Court's decision to take jurisdiction over the matter herein.
Accordingly, it is apparent that the municipal court was without subject matter jurisdiction to consider Appellant's motion in the first place, much less to declare the sentence void and to restore the license that had been permanently revoked as permitted by law. We find the action of the municipal court was void ab initio. Internatl. Lottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660,665.
Consequently, we conclude that the November 12, 1998 judgment entry of the Auglaize County Court of Common Pleas, which sought to uphold and enforce its lawful September 6, 1996 sentencing order, must be affirmed. Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
HADLEY and SHAW, JJ., concur.