The STATE of Ohio, Appellee,

v.

TARDIF, Appellant.

[Cite as *State v. Tardif* (2000), 139 Ohio App.3d 38.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 99–P–0031.

Decided June 19, 2000.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Kelli K. Norman,* Assistant Prosecuting Attorney, for appellee.

*Robert I. Shaker,* for appellant.

NADER, Judge.

On March 30, 1998, in Kent, Ohio, appellant, Richard R. Tardif, struck Laura Diblik and her son Dylan with his automobile, killing Mrs. Diblik and severely injuring Dylan. On December 10, 1998, appellant pleaded "no contest" to

vehicular homicide, in violation of R.C. 2903.07(D), and negligent assault, in violation of R.C. 2903.14(D), in the Portage Municipal Court, Kent Division. The trial court determined, as a result of a pre-sentencing investigation, that appellant was not under the influence of drugs or alcohol at the time of the accident, but had sleep apnea, a disorder that caused him to fall asleep behind the wheel of his automobile. It sentenced him to a total of two hundred and forty days in jail, which were suspended, eight hundred dollars in fines, three years of supervised probation, and one hundred and fifty hours of community service. It also permanently revoked his driver's license, pursuant to R.C. 4507.16.

Appellant raises the following assignment of error:

"The trial court erred to the prejudice of appellant by permanently revoking appellant's driver's license thereby exceeding the maximum suspension that can be imposed under Ohio law."

In his sole assignment of error, appellant asserts that the trial court exceeded its authority by permanently revoking his license. In support of his assignment, appellant cites *State v. Borchardt* (1997), 118 Ohio App.3d 857, 694 N.E.2d 152, a Third Appellate District case. *Borchardt* held that a trial court has no authority to revoke the license of a person who pleads guilty to vehicular homicide if no aggravating circumstances specifically identified by R.C. 4507.16, such as the influence of drugs or alcohol, are present. Appellant argues that the trial court could not revoke his license because he was not under the influence of drugs or alcohol.

Appellant also provided this court with supplemental authority that, effective March 24, 2000, the statute under which he was convicted, R.C. 2903.07, had been repealed by S.B. 107 and replaced by a modified version of R.C. 2903.06. He does not argue that he should be re-sentenced under the new law, but asserts that we should consider the new law in order to interpret the legislative intent of the old law. Under the new law, appellant would be subject to a maximum license suspension of five years and not permanent revocation.

As it existed at the time of appellant's sentencing, R.C. 4507.16(A)(1) provided:

"The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall suspend for not less than thirty days or more than three years or shall revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty * * * to any of the following:

" * * *

"(g) A violation of * * * R.C. 2903.07 * * * unless the jury or judge as trier of fact in the case finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse at the time of the commission of the offense."

Reading the words of this statute, it appears that the legislature intended to give the trial court a choice to either suspend or revoke the offender's license, unless the offense included drugs or alcohol, in which case the court could only revoke the offender's license. See former R.C. 4507.16(B). The Supreme Court of Ohio specifically held that: "R.C. 4507.16(A) authorize[d] a trial court, in its discretion, to permanently revoke a person's operator's license." *State v. White* (1987), 29 Ohio St.3d 39, 29 OBR 388, 505 N.E.2d 632, syllabus. In *Borchardt*, the Third District conceded that its holding was not in complete harmony with *White*, which did not limit the trial court's discretion to revoke an offender's license.

We decline to follow the holding from *Borchardt*. Reading the former statute and the holding in *White*, it is clear that the statute gave trial courts the discretion to revoke an operator's license. Nothing in S.B. 107 would indicate that giving courts this discretion was not the legislature's intention at the time it enacted former R.C. 2903.07. In fact, the preamble to S.B. 107 mentions nothing about clarifying a misunderstanding in the law, just that the bill was meant to "revise the penalties for and the elements of * * * vehicular homicide." Such language would indicate that the General Assembly revised the law because of a change in attitude, not because it was unclear or ambiguous. The trial court had the discretion to permanently revoke appellant's license and did not exceed its authority in doing so.

Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and DONOFRIO, J., concur.

JOSEPH DONOFRIO, J., retired, of the Seventh Appellate District, sitting by assignment.