**WILLIAMS et al.**

v.

**BJORK, a.k.a. Ozinga, et al.**

Ashtabula County Court,
Eastern Area, Jefferson, Ohio.

No. 2001 CVG 35.

Decided July 3, 2001.

*McCombs & Kotila* and *David L. McCombs,* for plaintiffs Roy J. Williams and Dana A. Williams.

58

ROBERT S. WYNN, Judge.

On February 5, 2001, plaintiffs filed their "Complaint in Forcible Entry and Detainer for Default under Land Installment Contract and for Damages for Breach of Contract" in this case. In the complaint, plaintiffs demand cancellation of the land installment contract and a forfeiture of defendants' interests in and to the land installment contract in question pursuant to the provisions of R.C. Chapters 5313, 1907, and 1923.

The court finds that both defendants have been duly served with a copy of summons and complaint.

At an earlier stage of this case, counsel for plaintiffs advised the court that defendants had vacated the premises in question, thereby rendering moot the possessory issues.

On June 27, 2001, this case came on for hearing upon the cancellation and forfeiture issues arising from the land installment contract that is at issue. Neither defendant appeared for the June 27, 2001 hearing. Plaintiff Dana A. Williams did appear with plaintiffs' counsel David L. McCombs and evidence was received. The court admitted into evidence a copy of the land installment contract and a copy of the forfeiture notice.

Plaintiffs have not sought in their proof a judgment for unpaid installments, and the court therefore declines to address that factual matter, even though this relief was demanded in the complaint.

The court finds from the evidence that the parties entered into a land installment contract on August 22, 1998. It was duly recorded at Volume 107, Page 8389 of the Ashtabula County Recorder's record of microfiche on October 30, 1998. Defendants, for a while, made the monthly $833.72 payments called for by Paragraph II.B.2. of the agreement. However, during the first half of 2000, they stopped making these payments, and the last one was received in either April or May 2000. No payments have been made since that time. Also, defendants have not maintained insurance on the premises in direct violation of Paragraph IX of the agreement. As a result of these breaches, the court finds that defendants are in default of the parties' land installment contract. The court also finds that defendants have not paid for five years and have not paid a total sum equal to or in excess of twenty percent of the purchase price. Plaintiffs have served upon defendants a "Notice of Default and Forfeiture and Notice to Leave the Property," which complies with R.C. 5313.06.

The threshold issue that the court takes up in this uncontested matter is the jurisdictional one, to-wit: Does the Eastern County Court, a "county court" organized and existing pursuant to R.C. Chapter 1907, have jurisdiction to cancel

a land installment contract and forfeit the rights of the defaulting contracting parties to said contract?

In broaching this legal issue, the court is mindful of a statement made in a decision of the Eleventh District Court of Appeals in review of a case in which the appellees had sought to have a county court cancel a land installment contract. Judge Ford, in *Kelley v. Davidson* (May 19, 1989), Ashtabula App. No. 88–A–1398, unreported, commented in the opinion as follows:

"Parenthetically, even if the entry appealed from *was* a final appealable order, which it is not, for two reasons the trial court was without subject matter jurisdiction to hear the action, despite the court's statement to the contrary. First, since the complaint requested, *inter alia,* that the land installment contract be cancelled, the county court did not have jurisdiction to hear the matter. R.C. 1907.04. See *Richwood Homes, Inc. v. Brown* (1981), 3 Ohio App.3d 204 [3 OBR 232, 444 N.E.2d 463]." (Emphasis *sic.*)

Even if the foregoing quotation does constitute *obiter dictum,* it, nonetheless, sets forth a viewpoint that this court has carefully considered.

But the court first of all observes that former R.C. 1907.04 has been repealed with no apparent replacement to it. R.C. 1907.04, repealed July 1, 1997 (146 Ohio Laws, Part III, 4823), provided:

"County courts do not have jurisdiction of any civil action for any of the following purposes:

" * * *

"(E) On contracts for real estate;

"(F) For the recovery of title to real estate, or in an action in which title to real estate may be drawn in question, except as provided in section 1907.05 of the Revised Code." 141 Ohio Laws, Part I, 1532, 1538.

Surely the repeal of these subsections removed a great barrier to the exercise by a county court of the legal authority to cancel a land installment contract.

R.C. 1907.05 remains in effect and provides:

"County courts have jurisdiction in civil actions in which the title to real estate may be drawn in question as follows:

"(A) In actions for trespass on real estate in which the damages demanded do not exceed fifteen thousand dollars;

"(B) In actions to recover from the owner of adjoining land the equal proportion to the expense incurred in obtaining evidence in surveys to fix corners or settle boundary lines."

However, the court cannot discern that in an action for a cancellation of a land installment contract title to the subject realty is ever drawn in question, in part because there is no requirement that a vendor actually be the owner of title at the point of contracting—it is sufficient that the vendor be in a position to provide title once the contract has been completed. See R.C. 5313.02(A)(11). See, also, Annotation, When Title to Real Property Deemed Involved Within Contemplation of Statute Providing that Justice of Peace (or Similar Court) Shall not have Jurisdiction of Matters Relating to Title to Land (1938), 115 A.L.R. 504.

What is more, it is now clear by statute that a county court has jurisdiction in forcible entry and detainer proceedings and that these proceedings encompass the legal power to cancel a land installment contract. See R.C. 1923.01(A), 1907.031(A)(6), and 1923.02(A)(7).

■ These statutory authorizations are central to the analysis of the jurisdictional issue since a county court is a creature of statute and has only the powers vested by the legislature. *Gallagher v. Billmaier* (C.C. 1958), 6 O.O.2d 142, 144, 154 N.E.2d 472, 476.

■ One remaining consideration is whether a county court has the legal authority to issue a declaratory judgment, since a judgment cancelling a land contract is arguably a judgment that declares the rights of the parties. This issue was analogously resolved by the Supreme Court of Ohio in *State ex rel. Foreman v. Bellefontaine Municipal Court* (1967), 12 Ohio St.2d 26, 28, 41 O.O.2d 159, 159–160, 231 N.E.2d 70, 71, where the court stated:

"Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act. *San Ysidro Irrigation District v. Superior Court of San Diego County* [1961], 56 Cal.2d 708 [16 Cal.Rptr. 609], 365 P.2d 753, and 26 Corpus Juris Secundum [1956] 255, Declaratory Judgments, Section 113."

This same reasoning must apply to a county court, which is, similarly, a statutory court. Since by statute a county court has jurisdiction to hear forcible entry and detainer actions and to cancel land installment contracts in that context, it follows that a county court has the authority to issue a declaratory judgment to the extent it is necessary to do so in canceling a land installment contract and in declaring a forfeiture of the rights of the vendees.

This court holds that a county court has jurisdiction to issue a judgment canceling a land installment contract and declaring a forfeiture of the vendees' rights in and to said contract and the realty described therein, upon proper facts.

It is therefore ordered and adjudged that the land installment contract in this case, recorded at Volume 107, Page 8389 of the Ashtabula County Recorder's record of microfiche, is hereby canceled and held for naught. It is further ordered that the vendees' rights in and to said land installment contract and the realty described therein are forfeited.

*So ordered.*