OPINION
These are consolidated appeals from judgments of the Lima Municipal Court which dismissed Plaintiff-appellant, Michael Turner White's (White)42 U.S. 1983 civil rights action for lack of subject matter jurisdiction.
On April 24, 2001, White filed three complaints against the Defendant-appellees, the Assistant Chief Inspector of the Ohio Department of Rehabilitation and Correction and the Institutional Inspector of the Lima Correctional Institution, in Lima Municipal Court. In his complaint, White asserted that the appellees violated his civil rights under 42 U.S. § 1983 by retaliating against him for filing a grievance against a corrections officer. White requested monetary damages, a declaratory judgment and an injunction prohibiting future similar actions by the Lima Correctional Institution. On June 6, 2001, upon appellee's motion, the municipal court dismissed White's complaints based on its lack of jurisdiction to entertain § 1983 cases. Subsequently, White filed various motions requesting the trial court to vacate its judgment. On June 21, 2001, the municipal court affirmed its previous decision to dismiss the case.
White now appeals asserting fourteen assignments of error which challenge the Municipal Court's dismissal of his claims for lack of subject matter jurisdiction.
It is well established in Ohio that a municipal court is a court of limited and specific jurisdiction and may not entertain actions outside of its enumerated powers. State ex rel. Foreman v. BellefontaineMunicipal Court (1967), 12 Ohio St.2d 26; Bowman v. Klingler (Nov. 17, 2000), Logan App. No. 8-2000-16. A municipal court's powers are enumerated in R.C. 1901.18. While R.C. 1901.18 lists twelve circumstances in which a municipal court has original jurisdiction, the statute does not give a municipal court the authority to hear § 1983 claims. Furthermore, a municipal court does not have the power under R.C. 1901.18 to render declaratory judgment or equitable relief in cases other than those specifically enumerated. Foreman, supra (concerning declaratory judgments); Bowman, supra (concerning injunctions). As White asserted a § 1983 claim and requested declaratory and injunctive relief, the municipal court correctly dismissed White's § 1983 action for lack of subject matter jurisdiction. See also Cleveland v. A.J. RoseMfg. Co. (1993), 89 Ohio App.3d 267 (finding there is no authority for maintaining a § 1983 action in municipal court). Consequently, White's fourteen assignments of error are overruled.
For the aforementioned reasons, it is the order of this Court that the judgments of the Lima Municipal Court are affirmed.
Judgments affirmed.
BRYANT and HADLEY, JJ., concur.